No. 38,322

Charles L. Davison, an Incompetent Person, by J. O. Wilson, Guardian of his Estate, *Appellant,* v. The Martin K. Eby Construction Company, *Appellee.*

(241 P. 2d 689)

Opinion filed March 8, 1952.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Hal M. Black, Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch,* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellant.

*Charles E. Jones,* of Wichita, argued the cause, and *Mark H. Adams, William I. Robinson, J. Ashford Manka* and *Orval L. Fisher,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: Plaintiff appeals from an adverse judgment rendered in an action to recover damages for personal injuries.

For the purpose of convenience and clarity we shall continue to refer to the parties as plaintiff and defendant.

This is the second chapter of this case on appeal. The first appeal was perfected by the defendant before trial and involved legal questions presented by a challenge of pleadings. (*Davison v. Eby Construction Co.,* 169 Kan. 256, 218 P. 2d 219.)

Plaintiff was not an employee of the defendant but an employee of the principal contractor, Ebasco Services, Incorporated, which had a contract for the construction of a building where plaintiff was injured. Defendant, The Martin K. Eby Construction Com-

pany, Incorporated, was a subcontractor engaged to do the brick work on the building. Briefly stated plaintiff, in substance, alleged a brick which was negligently permitted to fall from defendant's scaffold struck him on the head while he was working under the scaffold, having been directed by his employer to make a trench to drain some water away which had collected near the wall of the building. Defendant's answer contained a general denial of the alleged negligence and further pleaded the defenses of unavoidable accident and contributory negligence of the plaintiff. These were the issues on which the case was tried and on them the court instructed the jury.

In addition to a general verdict for defendant the jury answered special questions submitted at defendant's request. All questions plaintiff raises here, except one involving instructions to the jury, pertain to the special answers and to rulings of the trial court concerning them. Plaintiff contends he is entitled to a new trial. The special findings of the jury were:

"1. *Was* Davison's injuries the result of an unavoidable accident? A. Yes.

"2. If you find for the plaintiff state specifically the act or acts of negligence on the part of the defendant, Eby. A.

"3. Was Davison guilty of any negligence which contributed to the accident? A. Yes.

"4. If you answer number 3 in the affirmative, state what the acts of negligence were? A. (Check mark)

"5. If you find that Davison was struck on the head by a brick or bricks which had fallen from defendant Eby's scaffold state:

"(A) From what portion of the scaffold did said brick or bricks fall with reference to the middle and west end of the scaffold? A. Not clear from evidence.

"(B) Did the brick or bricks fall from the inside of the scaffold nearest the wall, or from the outside which was away from the wall? A. Not clear from evidence.

"6. Could Davison have safely performed his work without going under defendant's scaffold? A. Depends on lay of land.

"7. Did Davison know that working under a scaffold was a place of danger? A. Yes.

"8. If you find that Davison was struck on the head with a brick which had fallen from defendant, Eby's scaffold, state approximately Davison's position with reference to the brick wall and the scaffold at the time he was struck? A. (check mark)

"9. If you find for plaintiff, please itemize damage as follows:

"(A) Future medical expenses

"(B) Pain and suffering

"(C) Permanent injuries

"(D) Temporary injuries"

We shall first consider the complaint concerning the giving of any instruction on the subject of contributory negligence. We probably would be justified in merely stating the complaint is without merit but we shall pursue the contention. In view of what transpired on the hearing of the motion for a new trial, which will appear presently, it is unnecessary to narrate the evidence for the purpose of determining whether any instruction on contributory negligence was proper.

Plaintiff contends that in view of our ruling on the previous appeal contributory negligence was completely eliminated from the case. He, therefore, contends no instruction should have been given on the subject. The contention is not good. The real question presented on that point in the first appeal was whether the *petition disclosed on its face* plaintiff was guilty of contributory negligence. We said it did not. We, however, did not say it was impossible for plaintiff to be guilty of any acts of contributory negligence. That, of course, was a matter of proof which could be developed only in the trial.

It appears counsel for plaintiff did at first object to any instruction on the subject of contributory negligence but later offered suggestions to amend instructions on that subject which were under consideration in order to bring them into harmony with their own interpretation of the statement contained in our former opinion. An examination of suggestions of counsel for the respective parties relative to instructions on that subject and an examination of the instructions finally given, after several amendments thereof, lead us to conclude there was nothing seriously wrong with them in the light of the issues joined and the evidence adduced.

Counsel for defendant also insist the instructions as finally drafted were not objected to. The record on the hearing of the motion for a new trial discloses counsel for plaintiff admitted there was no objection to the instructions on contributory negligence or to the one on unavoidable accident and that they had become the law of the case.

We turn now to the special findings of the jury previously mentioned.

In the absence of the regular trial judge, the Honorable Clair E. Robb, one of the other district judges of Sedgwick county, the Honorable George Austin Brown, received the verdict of the jury. Counsel for plaintiff requested that the jury be required to answer

question No. 4 and that question No. 6 should be answered, "yes or no." The request was denied and on the argument of the motion for a new trial the regular trial judge approved the verdict.

In the first place plaintiff did not submit question No. 4, 6 or any other question. He did not adopt those submitted by defendant. He was not entitled as a matter of right to insist that questions which he did not submit should be answered. Under these circumstances the matter rested in the discretion of the trial court. (*Saunders v. Railway Co.*, 86 Kan. 56, 119 Pac. 552.)

In the next place on the hearing of the motion for a new trial counsel for plaintiff also argued the effect of Judge Brown's refusal to make the jury answer question No. 4 was to eliminate answer No. 3. Assuming, without deciding, the correctness of that contention it appears the trial judge adopted that contention and eliminated answer No. 3 from his consideration. Under these circumstances plaintiff is not in a position to claim the refusal to have question No. 4 answered constituted ground for a new trial.

A review of the record leaves us in as much doubt as the jury was with respect to a proper answer to question No. 6. At any rate that question also pertained only to plaintiff's contributory negligence and, as previously stated, the court was not obliged to sustain plaintiff's request to have it answered differently.

Plaintiff argues findings 1 and 3 are not supported by the evidence. We have already indicated the trial court eliminated finding No. 3. at plaintiff's request. Furthermore we find nothing in the record to indicate plaintiff filed a motion to set aside finding No. 1 or any of the other findings on the ground they were unsupported by evidence. Moreover, as previously indicated, counsel for plaintiff admitted on the hearing of the motion for new trial that no objection had been made to the instruction relative to "unavoidable accident" and that it had become the law of the case.

Plaintiff's counsel argue findings 1 and 3 are entirely inconsistent and compel the granting of a new trial. As previously indicated we need not further consider finding No. 3. Findings 1 and 2, of course, are in complete harmony with each other and with the general verdict for defendant. Plaintiff's counsel further argue findings 1, 3 and 5 should be interpreted as indicating the jury believed plaintiff was struck by a brick which fell from defendant's scaffold and that failure of an explanation by defendant that the brick did

not fall due to its negligence raises the presumption defendant was negligent.

The trial court refused to adopt that theory and we think properly. In the first place finding No. 5, as worded, cannot be interpreted as a positive finding plaintiff was struck with a brick. In the second place finding No. 3 has been eliminated. In the third place, it was the province of the jury to determine whether defendant was negligent under the circumstances and it determined by its general verdict and specifically by finding No. 2 defendant was not negligent. Under the instructions which became the law of the case the jury determined the injuries were the result of an unavoidable accident. (Finding No. 1.) It is clear the special findings do not compel the overthrowing of the general verdict and plaintiff's counsel do not contend they do. Although there may be some slight apparent inconsistency among the special findings themselves the inconsistency does not require the granting of a new trial.

Eliminating finding No. 3 there is no inconsistency in the findings themselves which precludes a general verdict for defendant on the theory of an unavoidable accident. As already stated the jury determined defendant was not negligent and also that the injuries were the result of an unavoidable accident.

In the light of what has been said heretofore we need not treat the further question raised by plaintiff whether the findings indicate such a disregard of the evidence and the instructions as to require a new trial.

Counsel for the respective parties engage in considerable discussion concerning a prospective witness who finally was not used and the alleged reasons therefor. The point is not included in the questions which plaintiff states are raised in his appeal. Furthermore it is not sufficiently presented in this record to justify further comment thereon and we refrain from doing so.

A studious examination of the entire record leaves no doubt in our minds the jury believed plaintiff was not entitled to a verdict. The trial court was satisfied with the verdict. We think this court would not be justified in disturbing it.

The judgment is affirmed.