No. 40,355

EUGENE E. SUNDGREN, *Appellee,* v. A. P. LEIKER, *Appellant.*

(305 P. 2d 843)

618

Opinion filed January 12, 1957.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark,* and *Thomas M. Lillard, Jr.,* also of Salina, were with him on the brief for the appellant.

*C. Stanley Nelson,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, H. G. Engleman,* and *Jack N. Stewart,* all of Salina, and *S. R. Blackburn, Tudor Hampton,* and *Jerry M. Ward,* all of Great Bend, were with him on the brief for the appellee.

The opinion of the court was, delivered by

THIELE, C. J.: This was an action to recover damages sustained in a collision of automobiles. The jury returned a general verdict in favor of the defendant and answers to special questions submitted. The plaintiff moved that the court require the jury to return to the jury room and reconsider six designated questions and to return answers thereto. This motion was denied. In due time the plaintiff filed his motion for a new trial upon all issues asserting six reasons therefor including: 1, Abuse of discretion; and 6, That the answers to six specified questions were not sustained by the evidence and were inconsistent with the general verdict and were contrary to the evidence and the law. Upon consideration of the motion the trial court made its order ruling against the plaintiff on the four grounds not specified above, but ruling that it should have required the jury to fully and completely answer five of the questions submitted, asserting that had answers been required the trial court might have had to set aside the general verdict. No specific mention was made as to abuse of discretion. The trial court found there should be a new trial. In due time the defendant perfected an appeal from that order. We shall continue to refer to the parties as they appeared below.

The defendant has filed an abstract containing pleadings, opening statements, evidence, special questions and answers thereto, and the motions above mentioned. Defendant has also filed an extensive brief. We have examined all of the above but do not find it necessary to make a detailed statement as to the issues presented, nor of the evidence and the special questions submitted, nor need

we take up and discuss all of the matters presented in the briefs, in view of our conclusions to be hereafter stated.

In a very summary way, it may be said that plaintiff's petition alleged and his evidence tended to prove that on November 3, 1953, at about 9:00 A. M., he left Salina traveling west in his automobile on Highway 40 and reached a point about one mile west of Salina and a short distance east of a bridge when he met a pickup truck being driven east on the left or north side of the highway by the defendant; that in order to avoid a collision he turned to the left and avoided the defendant's truck but could not avoid an automobile being driven by defendant's wife, with the result his car went into a ditch a short distance west of the bridge. The injuries sustained need no mention. The defendant's answer denied the allegations of plaintiff's petition and alleged plaintiff was guilty of negligence contributing to his injuries, and defendant's evidence tended to show that he was guilty of no negligence. Defendant testified that plaintiff's car did not pass him just prior to the accident. Inferentially it was shown that plaintiff may have come into Highway 40 from a side road on the north and a short distance east of the bridge after defendant had passed and at such a speed he passed into the wrong lane and struck the automobile driven by defendant's wife.

Of the five questions which the trial court found it should have required more specific answers, the first four asked: 1. How many feet east of the bridge did plaintiff's automobile cross the center line of the highway to the south half (left side) thereof; 2. At the time plaintiff's automobile crossed the center line onto the south side, how many feet to the west of the collision was Mrs. Leiker's automobile?; 3. At the time of the collision, how far east of the intersection was defendant's truck?; and 4. Did the plaintiff's automobile enter Highway 40 from the north on the county road? The jury's answer to each of these questions was "The evidence is not conclusive." The fifth question referred to by the trial court asked what negligence, if any, of the defendant proximately caused the collision, and the answer was "None shown by conclusive evidence." No purpose whatever will be served by detailing the evidence. Our examination shows there was evidence pro and con on the facts from which the questions could have been answered. It is true that the version of neither the plaintiff nor the defendant could be said to be conclusive, but it was the jury's duty to resolve the

dispute in the evidence and to indicate its conclusion in its answer. The answer to the fifth question is not entirely responsive, but we need not debate whether in view of the fact the burden was on the plaintiff to establish defendant's negligence it should be interpreted as "None" and the remainder ignored as superfluous.

We are well aware of our previous holdings with respect to the granting of new trials, the discretion of the trial court with respect thereto, and of our holdings that where the trial court specifically states its reasons for granting such a motion this court may examine the question to see whether the reasons given, as a matter of law, justify the granting of a new trial (see, *e. g., Ferguson v. Kansas City Public Service Co.,* 159 Kan. 520, 533, 156 P. 2d 869, and cases cited), but we think that rule does not determine the question before us. This court has repeatedly held that the trial court may rightfully exercise a large discretion in the matter of granting or refusing a new trial, that a much stronger showing with respect to abuse of discretion is required where a new trial has been granted than where it is refused, and this court will not reverse the trial court's ruling unless satisfied it was wholly unwarranted and an abuse of its discretion. See, *e. g., Bateman v. Roller,* 168 Kan. 111, 211 P. 2d 440, where authorities are cited, and where it was said that to warrant reversal of a ruling granting a new trial, such ruling is so much in the discretion of the trial court that an appellant must clearly establish error with respect to some pure, simple and unmixed question of law.

We have not overlooked the defendant's references to the remarks of the trial court when overruling plaintiff's motion that the jury be returned to make specific answers, and to the fact the court made different comment when ruling on the motion for a new trial. It is beyond argument that if the trial court was of the opinion it erred in denying the first motion, it was its duty to correct that error. We are here concerned only with the correctness of the ruling on the motion for a new trial.

Neither have we overlooked some argument that as defendant submitted the special questions and plaintiff did not join in any request they be submitted, plaintiff was not entitled to insist the questions be answered, in support of which he cites *Davison v. Eby Construction Co.,* 172 Kan. 411, 414, 241 P. 2d 689. That case merely holds plaintiff may not insist, *as a matter of right,* that the

questions be answered but, under the circumstances, the matter rested in the discretion of the trial court.

Our examination of the record convinces us that the trial court was of the opinion it had abused its discretion in not sending the jury back to make specific answers to the questions propounded, it was not satisfied with and did not approve the general verdict, and that it did not err in ruling on the motion for a new trial.

In view of our statements above made and our conclusions, we need not discuss defendant's contention that the answers as made, properly construed, are full and complete.

The order of the trial court granting a new trial is affirmed.

HALL, J., not participating.