No. 21,270.

THE UNITED STATES TIRE COMPANY, *Appellant and Appellee*, v. ALBERT E. KIRK and ELMER C. ASPEY, Partners doing business as the HUTCHINSON MOTOR CAR COMPANY, *Appellees and Appellants*.

### SYLLABUS BY THE COURT.

1. COMPROMISE AND SETTLEMENT—*No Ground for Rescission of Settlement.* Where a settlement of an account is effected by the constructive delivery by the debtor of goods which the creditor accepts in full satisfaction of his claim, but which are left in the physical possession of the debtor and remain there for a considerable period, during which the debtor asserts and the creditor denies that such settlement has been made, the question being finally decided by an action resulting in a judgment in favor of the debtor's contention, the fact that the debtor during the pendency of the litigation disposed of a portion of the goods referred to does not amount to a rescission on his part of the contract of settlement, nor does it authorize such a rescission on the part of the creditor.

2. SAME—*Pleading—Cause of Action for Conversion Stated.* A petition drawn upon a theory of rescission, held to have been good against a demurrer on the ground that it states a cause of action for conversion.

3. DAMAGES—*Conversion—Allegations Stricken from Answer.* In an action for damages for the conversion of goods by a bailee no error is committed in striking from his answer statements amounting to reasons for the conversion, where the facts stated constitute no legal justification.

4. SAME. A claim for damages for malicious prosecution of a civil action held to have been properly stricken out.

5. SAME. In such an action as that referred to in paragraph two the defendant is entitled to set up a claim for storage charges.

6. SAME—*Conversion—Measure of Damages.* Although the owner of goods in the hands of a bailee denies ownership, if the holder wrongfully sells them the measure of his liability for conversion is their value at the time of sale, although a demand for them is not made until later.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 9, 1918. Modified and affirmed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellant.

*F. L. Martin, Van M. Martin,* and *John M. Martin,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: The United States Tire Company sued a partnership known as the Hutchinson Motor Car Company for the balance due upon an account. The defendants resisted the claim on the ground that a settlement had been effected by the constructive delivery in satisfaction thereof of a quantity of automobile casings and tubes. A judgment in favor of the defendants, based upon that theory, was affirmed by this court. (*Tire Co. v. Kirk,* 97 Kan. 531, 159 Pac. 392.) After that decision the plaintiff made a demand for the goods referred to, which, although constructively delivered to the plaintiff, had remained in the physical possession of the defendants, but no return was made, the defendants giving various reasons for a refusal, including claims for storage and damages. The plaintiff then brought an action asserting that by this attitude of the defendants it had been restored to the right of suing for the original balance due, and asking judgment for that amount. A demurrer to the petition was overruled. The defendants then answered, setting up a number of matters as constituting defenses, most of which were stricken out on the motion of the plaintiff, after which demurrers to the answer as a whole, and to various parts of it, were filed and overruled as to all but one count, as to which the demurrer was sustained. The plaintiff appeals from the order overruling the demurrers to the answer, and the defendants ask a reversal of the orders overruling the demurrer to the petition, striking matter from the answer, and sustaining the demurrer to one of its counts.

1. The plaintiff insists that the failure of the defendants to deliver the goods on demand amounts to a rescission of the contract by which they were to be taken in satisfaction of the debt, or that at least such conduct authorized the plaintiff to rescind the contract; or that, in any event, such refusal gave

the plaintiff the right to recover as damages, not the actual value of the goods, but the value the parties had placed upon them in the deal—that is, the amount of the debt. We do not share the plaintiff's view in this regard. As we see it, the prior litigation has resulted in an adjudication that the debt had been paid and that the title to the goods had passed to the plaintiff. The situation presents no question as to the withdrawal of a tender or the failure to make it good. The contract of settlement was fully executed; the defendants had performed their agreements. The goods belonged to the plaintiff and were subject to its disposal, although it refused to exercise ownership or to direct a disposition of them. If in that situation the defendants failed in any duty they owed the plaintiff—failed to take proper care of the goods or to hold them ready for the plaintiff as long as they should have done—their misconduct in that regard was not a breach of the contract nor a repudiation of its terms. For any such subsequent wrongful conduct of the defendants they are liable to the same extent as though the property of the plaintiff left in their hands had been derived from any other source. We agree with the trial court that the defendants were responsible merely as bailees.

2. The defendants contend that the petition is drawn exclusively on the theory that the contract of settlement had been rescinded, and on no other, and that as no facts amounting to or authorizing a rescission are pleaded no cause of action whatever is stated. It is true that the plaintiff in its pleading bases its right to recover distinctly on the proposition that there has been a rescission, and if examined in a technical spirit the petition might be demurrable on that ground. (*Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619.) But the petition sets out the circumstances attending the transaction, from the plaintiff's standpoint, including the demand for the goods and the defendants' refusal to turn them over. The plaintiff should be given whatever relief the facts entitle him to, even if he has misconceived their legal effect (*Akin v. Davis*, 11 Kan. 580; *Chase v. Railway Co.*, 70 Kan. 546, 79 Pac. 153) ; by a liberal interpretation the petition may be regarded as stating a cause of action for conversion; the trial court has so construed it; that construction is ob-

viously in the interest of substantial justice and is approved. There is no allegation of the value of the goods, but this may be regarded as covered by the statement that the plaintiff had been damaged by the defendants' conduct in the sum of $4,490.58.

The portions of the answer to which the demurrers were overruled were general and special denials, and could only have been demurrable if the specific allegations of the same pleading had been sufficient to overcome them—a condition which did not exist.

3. Of the matter stricken from the answer a part was pertinent only if the action were regarded as one upon the original indebtedness, and the ruling with respect thereto becomes immaterial because the petition is held to state no cause of action except for conversion. Another portion of the matter which was stricken out contained allegations in considerable detail to the effect that, for the purpose of minimizing the loss to the plaintiff from the deterioration of the casings and tubes through lapse of time, the defendants used a part of them in making adjustments with their customers according to guaranties made by themselves and also by the plaintiff, receiving payment therefor according to such adjustments. Whatever their motives may have been, the sale of the goods, or their use in making "adjustments," amounted to conversion, and left them liable to the plaintiff to the extent of the then value of the property with which they parted. The allegations referred to had no bearing upon the question of liability, and their exclusion from the answer was not error.

4. The remainder of the excluded matter asserted a claim for damages for the malicious prosecution of the former action and of this one. Damages are sometimes recoverable for the malicious prosecution of an ordinary civil action, even where there has been no arrest, attachment, or other special interference with person or property (*Marbourg v. Smith,* 11 Kan. 554), but only where the want of probable cause is very palpable. (26 Cyc. 16; see, also, *Emory v. Eggan,* 75 Kan. 82, 88 Pac. 740.) We think it clear that there is no substantial basis for a claim that the first action was brought maliciously and without probable cause, and no action for the malicious prosecution of the present action could lie during its pendency. (*Investment Co. v. Burdick,* 67 Kan. 329, 72 Pac. 781.)

5. The count of the answer to which a demurrer was sustained set out claims against the plaintiff for storage of the goods and for services in properly caring for them, and in substance repeated the allegations with reference to using them to effect adjustments. We think the demurrer should have been overruled because of the allegation concerning storage, that being a proper basis for a charge against the plaintiff. (38 Cyc. 2102.)

6. In announcing its rulings the trial court made a statement, of which the plaintiff complains, that the measure of damages for the conversion of the goods was their value at the time a demand for them was made and refused. This statement was hardly a formal ruling—it was rather a reason given for the decision. Probably it was made with especial reference to goods that were still in the possession of the defendants when the demand was made. As to any casings and tubes which the defendants sold, or used in making "adjustments," we think the conversion was complete at the time they parted with them, and that they are responsible to the extent of what the goods were worth at that time. (38 Cyc. 2032, note 74.)

The judgment is affirmed, with the modification that the demurrer to the allegation regarding storage charges should be overruled, and that the announcement concerning the measure of damages should not be controlling.