No. 23,991.

CLARENCE WENDEL, *Appellee*, v. EMERSON-BRANTINGHAM
IMPLEMENT COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

PLEADINGS—*Confusion of Theories in Petition—Action for Fraud—Rescission of Contract.* A petition, although containing some allegations pertinent to an action for damages on account of fraud in the sale of machinery, is held by a liberal construction, to state a cause of action for rescission of the contract and restoration of the payments made by the plaintiff on account thereof.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed December 9, 1922. Affirmed.

*C. E. Freeman,* of Topeka, for the appellant.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: On August 5, 1914, an arrangement was entered into between Emerson-Brantingham Implement Company and Clarence Wendel for the sale by the former to the latter of a tractor thresher engine, which was at once delivered, the buyer turning in an old engine, paying $500 in cash, and giving two notes for $250 and $750 respectively. The company took a mortgage on the engine securing these notes, and also two notes for the aggregate amount of $1,450 which Wendel had given in part payment for the first engine. On January 11, 1916, the company sold the new engine under its mortgage, crediting $1,453.12, as the net proceeds, upon the notes. On January 10, 1916, Wendel brought this action against the company. On February 9, 1916, he filed an amended petition in which he alleged in effect that the defendant had agreed to furnish him an engine to be run by kerosene, but that the one furnished required the use of gasoline; that he had signed a written contract which described it as a gasoline tractor, but that he did so upon the fraudulent representation that it referred to a machine operated by kerosene, and did not discover the fact in this regard until after the action was begun. The defendant filed an answer relying upon the contract as written, and asking judgment for the balance due upon the notes. On June 2, 1921, the plaintiff filed a second amended petition elaborating the allegations of the first one and in addition setting out some negotiations between the parties after the delivery

Wendel v. Implement Co.

of the engine. On June 9, 1921, the defendant filed a motion for judgment in its favor upon the entire record—the pleadings and certain facts said to have been conclusively established in various ways. This motion was overruled, and the defendant appeals.

The ruling complained of is probably in strictness only rendered appealable by regarding it as a demurrer to the second amended petition. However that may be, the principal question presented is whether that pleading states a cause of action.

The defendant asserts that the plaintiff has pleaded upon two entirely different theories and has wholly failed to state a cause of action on either, the petition being so indefinite that it cannot be determined upon which recovery is sought. It invokes the rule that the petition must be framed upon a distinct and definite theory, citing *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619. In that case the petition was attacked by motion as well as by demurrer. Here it was challenged only by a motion for judgment on the entire record, after a partial trial had been had in which evidence was introduced. In that situation its allegations are entitled to the utmost liberality of construction. Moreover, the rule as to presenting the theory of the case is subject to a number of limitations, one of which is that it "does not require that the plaintiff be entitled to all the relief asked for in the complaint in order to render it sufficient." (Note, 50 L. R. A., n. s., 12.) Others are that if a good cause of action is stated on one theory the use of words appropriate to another will not change it (*Railway Co. v. Hutchings,* 78 Kan. 758, 99 Pac. 230); that a plaintiff need not label his action, and if he gives it the wrong label the error is not fatal (*Cockrell v. Henderson,* 81 Kan. 335, 105 Pac. 443); that if a good cause of action is stated on one theory allegations upon another may be treated as surplusage (*Chase v. Railway Co.,* 70 Kan. 546, 79 Pac. 153); and that "the plaintiff should be given whatever relief the facts entitle him to, even if he has misconceived their legal effect" (*Tire Co. v. Kirk,* 102 Kan. 418, 420, 170 Pac. 811).

The defendant contends that the second amended petition undertakes to set out one cause of action on the theory that the sale of the machine was induced by fraud, and another on the theory that after the sale was consummated the defendant agreed to make the engine, which was intended to be operated by gasoline, work by the use of kerosene, and that regarded as an action for fraud the pleading is fatally defective in that it does not state that the

plaintiff was ignorant of the falsity of the representations made him, or that he believed them or that he relied upon them. We regard the action as one based upon fraud, the allegations regarding the subsequent negotiations being inserted as bearing upon that issue and perhaps as explaining the plaintiff's conduct. The petition alleges that the plaintiff's signature to the contract was procured by false statemnets of the defendant's agent that it was for the purchase of an engine run by kerosene, that the plaintiff wholly relied upon them and that the first knowledge he had of its actual contents was when it was produced in court. Liberally construed we regard these allegations as sufficiently averring that the agent told the plaintiff that the contract described the engine to which it referred as one using kerosene, that he was ignorant of the real fact in that respect, and believed the false statement and relied upon it.

The defendant urges that the action is not for rescission, but for damages, and that the only two items of damage alleged are not maintainable—one for $1,500 for loss of profits because of being speculative, and the other of $100 for freight paid on the engine, because incurred after the discovery of the fraud. The point made as to the recovery of lost profits is good. (35 Cyc. 644; *Tire Co. v. Equipment Co.*, 111 Kan. 719, 726, 208 Pac. 659.) The fraud, however, according to the pleading was not discovered until the written contract was produced in court and the plaintiff learned that it described a gasoline instead of a kerosene engine. The gravamen of the complaint is not that the defendant furnished a defective engine of the kind contemplated but a different kind altogether.

Moreover, we regard the petition as fairly stating an action for rescission. It is true it sets up an invalid claim for the loss of profits and describes the action as one brought by the plaintiff "for damages on his agreement for an engine to run by kerosene." But it also asks a cancellation of the notes, a return of the money paid, and an allowance for the value of the old engine, which relief as well as the recovery of the freight money would be pertinent to rescission. There was no opportunity for the return of the engine, because the defendant had it at the time the fraud was discovered, according to the pleading. Under the liberal interpretation to be indulged for the reasons already indicated the allegations tending to suggest an election to sue for damages in such a way as to bar

rescission may be rejected as surplusage and the action regarded as one for the recovery of what the plaintiff had parted with—the notes, cash payment, the old engine or its value, and freight money—so as to restore the plaintiff to his original condition.

The defendant invokes the statute of limitations as to the second amended petition. We conclude, however, that the first amended petition (which was filed within a few months after the discovery of the alleged fraud) stated a cause of action, which the later pleading merely elaborated, and therefore the plea of the statute is ineffective. (*Culp v. Steere*, 47 Kan. 746, 28 Pac. 987.)

The defendant suggests that the negotiations pleaded with regard to making alterations of the engine show a condonation of any fraud alleged. But as the fraud according to the pleading had not then been discovered the point is not well taken.

It is contended that the circumstances set out as an excuse for the omission of the plaintiff to read the contract before signing it are insufficient for the purpose. The allegations are that the contract was presented to him "in the extreme hurry of the work of threshing and the plaintiff having such work under his control and direction." Where an actual misrepresentation is made as to the contents of an instrument it may be avoided for the fraud although the signer did not read it and was not prevented from doing so. (12 R. C. L. 387; 1 Black on Rescission and Cancellation, § 56; *Tanton v. Martin*, 80 Kan. 22, 101 Pac. 461.)

The contract contains an acknowledgment that the plaintiff had received a copy of it, but as he pleads that he did not read the paper he is not concluded by this as an admission. The chattel mortgage executed by the plaintiff described the engine as a "gasoline tractor." This tends to show that the plaintiff knew the engine was of that character, but its effect is evidential only—it does not absolutely conclude him nor nullify the effect of his pleading the contrary. The defendant argues that the words "One Reeves 40 Gasoline Tractor" appeared on the face of the contract in such plain characters that the plaintiff could have seen them at a mere glance. This likewise is a matter of evidence.

The considerations already stated make it unnecessary to discuss the effect of matters ouside the pleadings.

The judgment is affirmed.