No. 29,513.

T. L. YOUMANS, *Appellee*, v. THE KANSAS TELEPHONE COMPANY, *Appellant.*

(295 Pac. 697.)

Opinion filed February 7, 1931.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove,* all of Topeka, for the appellant.

*Ben F. Winchell,* of Osawatomie, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to recover the balance of the purchase price of a telephone property located at Osawatomie and one at Beagle. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

1. The defendant says:

"1. The court erred in overruling appellant's motion for judgment on the opening statement of counsel for appellee.

"2. The court erred in overruling appellant's objection to the introduction of evidence.

"3. The court erred in overruling appellant's demurrer to the evidence."

In these three propositions the defendant presents but one question. That is the sufficiency of the petition, of the opening statement of counsel for the plaintiff, and of his evidence to establish a cause of action in his favor. The plaintiff owned a telephone exchange at Osawatomie and another at Beagle. He entered into a written contract with the defendant to sell to it the two telephone

exchanges and all the property connected therewith for $100,000 to be paid under the conditions named therein, which are not important here. That contract was dated April 24, 1928. It stipulated that the gross income of the Osawatomie Telephone Company for the period beginning January 1 and ending December 31, 1927, was $27,056.30. The contract provided that the defendant might make an audit of and check the books and records of the telephone exchanges, and if that audit showed that the gross receipts were the sum named payments for the telephone exchanges should be as stipulated in the contract. The audit was made. A difference arose between the plaintiff and the defendant concerning the amount of gross receipts. On April 24, 1928, another written contract was signed in which the defendant agreed to pay the plaintiff the sum of $97,000 for the telephone properties. In most particulars the two contracts were the same. There were some slight differences. Some new provisions were found in the second contract. The petition alleged and the evidence tended to show that the plaintiff refused to sign the second contract until the agent and representative of the defendant orally agreed that in addition to the $97,000 named in the second contract $3,000 should be paid for the properties before the transaction would be complete.

The defendant relies on the rule excluding oral evidence to alter, vary, or change the terms of a written contract. The plaintiff relies on the rule that such evidence is admissible where fraud has been committed to secure the execution of the contract. The fraud which the plaintiff claims was in the representation that $3,000 additional would be paid for the properties if the new contract were signed because the defendant wanted its records to show that only $97,000 had been paid for these properties and that the $3,000 would be taken from what might be used to pay for other telephone properties. The consideration for the property purchased was to be $100,000. The manner in which the signature of the plaintiff was obtained to the second contract constituted a fraud on him practiced by the defendant if it did not intend to pay the $100,000 for the properties. That brought the plaintiff within the rule permitting evidence to explain the terms of a written contract.

2. Defendant argues that it was error to permit the plaintiff to introduce evidence to show fraud practiced by it for the reason that fraud had not been pleaded by the plaintiff. The plaintiff in his petition set out in detail the circumstances under which he was

induced to sign the subsequent contract. The circumstances pleaded, if true, showed that fraud was practiced on him. Under the pleadings fraud was the principal issue to be tried. The plaintiff pleaded fraud. Defendant knew that fraud had been pleaded and he was not in any way misled.

The judgment is affirmed.