No. 38,306

CHARLES BENTRUP, *Appellant,* v. MOSE BIEHN and ARMIN KETTLER, *Appellees.*

No. 38,307

ARMIN KETTLER and AUGUST KETTLER, *Appellees,* v. CHARLES BENTRUP and WALTER WITMAN, *Appellants.*

(233 P. 2d 529)

Opinion filed July 3, 1951.

*Wm. Easton Hutchison, C. E. Vance, A. M. Fleming, Bert J. Vance* and *Clifford R. Hope, Jr.,* all of Garden City, were on the briefs for the appellants.

*Logan N. Green, Roland H. Tate* and *Daniel R. Hopkins,* all of Garden City, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The present appeals present the single question whether the trial court erred in denying a motion for a new trial in two actions consolidated for trial and arise out of the following.

All of the lands here mentioned are in Range 35 in Kearny County. There is a drainage canal at some undisclosed location north of the southeast corner of Section 29, Township 23. From that canal a lateral ditch, referred to as lateral 9, extends south along the east side of Section 32, in Township 23, and the east side of Section 5, in Township 24. At the southeast corner of Section 5 is a diversion box and water is conducted south along the west side of the North Half of Section 9 to irrigate the Southwest Quarter of Section 9, and there is also a lateral along the north side of Section 9 extending east about three-fourths of a mile and then south to irrigate the Southeast Quarter of Section 9. Charles Bentrup owned Section 5 and the North Half of Section 9, in Town-

ship 24, and August Kettler owned the Southwest Quarter and Armin Kettler owned the Southeast Quarter of Section 9. It is here noted that Bentrup's right to irrigate his land in Section 9 is not involved in the actions mentioned.

In view of the contention of error the pleadings are much summarized.

Bentrup commenced an action against the Kettlers alleging his ownership of lands as above set forth, the construction of lateral ditch 9 and that for more than twenty years he had used the lateral to irrigate his lands; that in October, 1947, while he was using water from the lateral, the Kettlers, at a point near the northeast corner of Section 5 turned all of the water in the lateral onto their own lands and deprived him of the use, and now assert a right to cut off the water from Bentrup at that point and unless restrained, would continue to take water belonging to him and he prayed that they be enjoined from interfering with his use of the lateral. For present purposes, it may be said the Kettlers denied generally.

Sometime after Bentrup commenced the action above mentioned, the Kettlers commenced an action against Bentrup, alleging their ownership of the lands as above noted, the construction of irrigation ditches and lateral ditches, and that Bentrup had built a drainage ditch along the north line of Section 5 about two years prior to the bringing of the action and drained seepage waters from Section 5 into lateral ditch 9 along the east side thereof and had unlawfully cut the banks of lateral ditch 9, and that the Kettlers had repaired the banks; that Bentrup had again cut the banks to permit seepage waters to drain into lateral ditch 9; that Kettlers had requested Bentrup to desist from damaging the banks of the lateral ditch 9 and he refused; that the irrigation season was about to start and in order to keep alive and raise crops now seeded and growing on their lands they must irrigate the same with waters transported through lateral ditch 9 and it was necessary that the ditch be cleaned, repaired and made ready, which could not be done by reason of Bentrup's cutting the banks of lateral ditch 9 and permitting seepage waters to run into the lateral ditch; that if Bentrup persisted in so doing, the Kettlers would be unable to irrigate their lands and would suffer irreparable damage and they prayed that Bentrup be restrained. Bentrup's answer was a denial of the Kettler claims.

On April 5, 1950, by agreement of the parties the two actions

were consolidated for trial, a jury was waived and trial was by the court. Subject to the contention later treated, it may be said that each party offered evidence in support of his cause of action, or in defense to that of the other, which evidence we need not review. At no time during the trial did Bentrup make any claim of surprise or that he had other or further evidence nor did he ask for any continuance for any reason. At the conclusion of the trial the court found generally in favor of the Kettlers and against Bentrup and enjoined Bentrup from in any manner interfering with the Kettlers in cleaning, repairing and using lateral ditch 9, and from injuring, damaging or destroying the ditch or any part thereof or from using the ditch for the purpose of conducting waters for use upon and irrigation of Section 5 and from allowing or permitting drainage of surface or seepage waters from Section 5 into the lateral ditch.

Following the judgment Bentrup filed a motion for a new trial on eight grounds, including accident and surprise which ordinary prudence could not have guarded against; that Bentrup was not afforded a reasonable opportunity to present his evidence; and for newly discovered evidence.

On September 20, 1950, this motion was heard, Bentrup produced affidavits of witnesses in support, and upon consideration by the trial court, the motion was denied. On September 27, 1950, Bentrup perfected his appeal to this court from the ruling on his motion for a new trial.

The gist of Bentrup's contention the trial court erred in denying his motion for a new trial is that he never suspected that the Kettlers would contend that he had not used water from lateral ditch 9 to irrigate a part of Section 5 ever since he had acquired it in 1919, and that he never suspected they would contend seepage water should not run into the lateral ditch. Neither of these contentions is good in view of the record. Our review of the pleadings shows that the issues presented the very questions which Bentrup says surprised him. Insofar as diligence in procuring evidence is concerned, as distinguished from surprise, there is no showing there was diligence. It would only be a waste of space to review here the evidence as originally offered and to demonstrate that there was evidence for and against the claims of each party. We have examined the affidavits offered on the motion for a new trial and the testimony therein set forth is merely cumulative of that received on the trial of the action. The only decision called to our attention by Bentrup is *Turner v. City of Wichita,* 139 Kan. 775, 33 P. 2d 335.

In that case, where some of our authorities are collected, it was held:

"The granting of a motion for a new trial rests in the sound discretion of the trial court, and in order to entitle a party to a new trial on the ground of newly discovered evidence, it must be shown that it could not have been produced by reasonable diligence, it must not be merely cumulative, and such newly discovered evidence must be such as, with reasonable probability, would produce a different result." ( Syl. ¶ 2. )

Under the rule there stated the trial court did not err and its judgment is affirmed.