No. 38,924

Thomas L. Stapleton and Ruth I. Stapleton, *Appellees*, v. Victor Mendoza and Rose Mendoza, *Appellees*, L. A. Hartman and Frank Constant, *Appellants*.

(257 P. 2d 113)

Opinions filed May 9, 1953.

*Floyd A. Sloan*, of Topeka, argued the cause, and *W. Glenn Hamilton, Eldon Sloan*, and *James W. Sloan*, all of Topeka, were with him on the briefs for the appellants.

*James W. Scoville*, of Topeka, argued the cause, and *Willard B. Rogers*, of Topeka, was with him on the briefs for the appellees Victor Mendoza and Rose Mendoza.

The opinion of the court was delivered by

Harvey, C. J.: The appeal in this case is from a decree of the court setting aside a contract for the sale of real property and rendering judgment against appellants for a $500 down payment and the costs.

Briefly, the facts may be stated as follows: In March, 1951, the plaintiffs, Stapleton and wife, were the owners of a described residence property in the city of Topeka and the appellant Hartman was a regularly licensed real estate broker, and his agent, salesman and representative, the appellant Constant, was a regularly licensed real estate salesman. About March 5 plaintiffs listed the real estate and some items of furniture therein for sale with Hartman at a price of $8,500 cash, less a mortgage of $4,700, payable at $38 per month, which the purchaser was to assume as a part of the purchase price. Hartman advertised the property in the Topeka Daily Capital in part as follows:

". . . $4700 FHA and GI loan. $38 monthly payments takes care of all. Only $8,500."

About March 13 Rose Mendoza, wife of Victor Mendoza, appellees here, contacted appellant Constant in the office of appellant Hartman, as a result of which Constant took Rose Mendoza and her

daughter to see the Stapleton property and told them that the price of the property, including furniture, was $8,500. In the evening of March 16 Victor Mendoza called Constant and requested him to come to his home, stating that they were going to buy the Stapleton property. Constant advised that it would require an earnest money payment of $500. Constant went to the Mendoza home and was informed by the Mendozas they did not have $500 at that time but would pay $200 and an additional $300 on March 20. On March 19 Victor Mendoza called Constant by telephone and told him they were ready to pay the additional $300 and sign the contract for the purchase of the property. Constant went to the Mendoza home and took with him the contract which had been prepared and which had been signed by the appellees, Stapleton and his. wife. The Mendozas paid Constant the sum of $300 and requested to make an additional payment of $200. Constant told them he did not want to take the additional $200, as the contract had been prepared citing the payment of $500 and it would necessitate the preparation of a new contract. Victor Mendoza and his wife signed the contract which Constant had brought to their home, but they did not read the contract and it was not read to them. They relied upon representations made by Constant and believed the contract provided that the balance of $8,000 on the purchase price would be payable in monthly payments of $38. The Mendozas are Mexicans by descent and not familiar with American business practices. The next day after it was signed they took the contract to an attorney, who advised them that they would have to pay an additional $3,300 in cash and that the $38 per month payments applied only to the mortgage of $4,700. They promptly notified Hartman and Constant that they signed the contract under a misunderstanding as to its contents and that it was impossible for them to carry out the terms of the contract, and they asked for the return of the $500 paid by them as earnest money. This demand was refused, and the money was still in the hands of Hartman and Constant at the time of the trial. The Mendozas also advised Stapleton and wife of the situation and that it would be impossible for them to make the additional cash payment.

Thereafter the Stapletons brought this action to set aside the contract because of the Mendozas' refusal to go forward with it, and sought to recover from Hartman and Constant the $500 which had been paid by the Mendozas on the contract. Hartman and Constant filed an answer in which they alleged they had earned a

commission of $425 and that they had tendered to plaintiffs $75, the difference between the sum paid on the contract and their commission, but the tender had been refused. The Mendozas filed an answer and cross petition, setting up the facts substantially as above stated, and prayed to have the contract canceled and for judgment for the $500 which they had paid and for costs. Hartman and Constant filed an answer to this cross petition which contained a general denial, but admitted their agency for the sale of the property and the fact that $500 had been paid. The trial was had by the court without a jury. At the beginning of the trial counsel for Hartman and Constant objected to the introduction of any evidence respecting conversations between the parties leading up to the execution of the written contract. This objection was overruled. The only witnesses who were called and gave testimony were Victor Mendoza and his wife, Rose Mendoza. The substance of the pertinent part of their testimony was that Constant never advised them that any cash payment would be required except the $500 and that they understood from the advertisement and from the talk with Constant that the remainder of the purchase price of the property was to be paid at $38 per month. Counsel for appellants objected to this evidence upon the ground that it tended to vary the terms of the written instrument and that all prior negotiations were regarded as having been embodied in the written contract, which objections were overruled. The court specifically found:

"The defendants, Victor Mendoza and Rose Mendoza, signed and entered into said contract in good faith but with a misunderstanding as to its terms."

The court made conclusions of law as follows:

"1. Because of the misunderstanding of the terms of the contract on the part of Victor Mendoza and Rose Mendoza there was no meeting of the minds when the contract was signed.

"2. The contract is null and void and hereby set aside.

"3. Judgment is for the defendants, Victor Mendoza and Rose Mendoza, against the defendants, L. A. Hartman and Frank Constant, in the sum of $500.00 and their costs.

"4. Judgment is in favor of Thomas L. Stapleton and Ruth I. Stapleton for their costs and against L. A. Hartman and Frank Constant."

Judgment was rendered accordingly.

In this court counsel for appellants first contend that the court erred in overruling their objection to the introduction of evidence on the answer and cross petition of Victor Mendoza and wife. That answer and cross petition had not been attacked by motion to make

definite and certain, by motion to strike, or by demurrer. Appellants understood enough to file an appropriate answer to it. Under these circumstances courts do not look with favor upon questioning the sufficiency of a pleading by an objection to the introduction of evidence. (See, *Howard v. Carter*, 71 Kan. 85, 80 Pac. 61; *Barker v. Moodie*, 92 Kan. 566, 141 Pac. 562, and cases there cited.) The point now urged is not well taken.

Appellants next contend the court erred in the admission of the Mendoza evidence, and in overruling their demurrer to the evidence. In this, as well as the first point, counsel invoke the rule stated in *Arensman v. Kitch*, 160 Kan. 783, 165 P. 2d 441, to the effect that when parties have negotiations with respect to a matter and later enter into a written contract, such contract evidences the final agreement of the parties, and that parol testimony of prior negotiations is not admissible. The rule, of course, is well recognized and clearly established, but there are well established exceptions to this general rule. Such evidence may be introduced to show that there had been misrepresentations or concealments as to what the contract contained so that there was no meeting of the minds of the parties. (*Nichols v. Coppock*, 124 Kan. 652, 261 Pac. 574.) Such evidence is also admissible to show mutual mistake (*Mills v. Purdy*, 142 Kan. 133, 45 P. 2d 1049), to show fraudulent representations (*Youmans v. Kansas Tel. Co.*, 132 Kan. 360, 295 Pac. 697), or to explain incomplete and ambiguous writings (*Whitacre v. State Bank*, 138 Kan. 313, 26 P. 2d 584), or where the contract is incomplete or silent in some essential particular (*Mayse v. Grieves*, 130 Kan. 96, 285 Pac. 630). In this case the contract did not mention $3,300, or any other sum, in addition to that which had been paid in cash, or a specific time for its payment. We think the applicable rule under the facts to be applied in such a situation as we have here is stated in 17 C. J. S. 359, as follows:

"A common intention, a meeting of the minds, on all the terms thereof, is essential to an agreement; and no portion of the terms may be left unsettled."

(See, also, *Broadview Oil Co. v. Livengood*, 156 Kan. 514, 518, 134 P. 2d 378.) The testimony of Victor and Rose Mendoza disclosed that they did not read the contract before they signed it and that no one read it to them. Counsel for appellants contend that was their fault and that it does not constitute a reason for setting aside the contract, citing *Donald-Richard Co. v. Shay*, 110 Kan. 351, 203 Pac. 1105, and *Colt Co. v. Kocher*, 123 Kan. 286, 255 Pac. 48. In 12 Am. Jur. 637, it is said:

"The rule that a person who fails to have a contract read to him before signing it can have no redress, does not apply in the case of fraud or false representations by which he is lulled into security or thrown off his guard and deceived. If a person is ignorant of the contents of a written instrument and signs it under a mistaken belief, induced by misrepresentation, that it is an instrument of a different character, without negligence on his part, the agreement is void."

(See, also, *Manufacturing Co. v. King and Dickey*, 104 Kan. 210, 178 Pac. 621, and *Wendel v. Implement Co.*, 112 Kan. 336, 210 Pac. 1100.) In *Haymaker v. Alford*, 109 Kan. 710, 201 Pac. 1112, it was held:

"The evidence is held sufficient to justify a finding that a contract for the sale of land was signed by the vendor under a wrong understanding as to its contents brought about in such a way that she was entitled to have it set aside, whether the basis of such relief is described as actual fraud, constructive fraud or excusable mistake."

We find no error in the record of which the appellants can complain. The judgment of the trial court is affirmed.