No. 40,497

Don Grace, *Appellee,* v. Elizabeth Martin, *Appellant.*

(318 P. 2d 1007)

Opinion filed December 7, 1957.

*Edward Curry, Elisha Scott, Charles S. Scott,* and *John J. Scott,* all of Topeka, were on the briefs for the appellant.

*Jack A. Quinlan,* of Topeka, argued the cause, and *Robert M. Cowger, Eugene W. Hiatt, George A. Scott* and *Leonard W. Pipkin, Jr.,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: The appeal in this case is from an order of the court decreeing the specific performance of an option agreement for the purchase of real estate.

Briefly the facts are as follows: On the 12th of July, 1955, appellant, Elizabeth Martin, entered into a real estate option agreement with appellee, Don Grace. Because of its briefness the essential portions are:

"Witnesseth, that in consideration of the sum of $250.00, the receipt of which is hereby acknowledged the said first party does agree to give and does give the second party until the 15th day of October, 1955, the option to purchase the following described property located in Shawnee County, Kansas, to-wit:

'Lincoln Street, Lot 471 and 473 in King's Addition to the City of Topeka, Kansas. Commonly described as 1227 Lincoln Street, Topeka, Kansas.'

for the sum of Seven Thousand ($7,000.00). The first party expressly agrees that she will convey free and clear of any and all encumbrances the above described property should option be exercised by the party of the second part.

"Said first party further agrees that, if said second party shall exercise the option hereby granted and purchase said real property on or before the 15th day of October, 1955, or at any time while this option shall be kept in force by said second party making the payments herein provided for, to give said second party credit on the purchase price for all payments which he has made under and by virtue of this agreement for said option and to keep it in force."

On October 12, 1955, appellee served his notice of acceptance of option on appellant wherein he stated that he would personally appear at the residence of appellant on October 13th with a cashier's check for the purpose of exercising his option to purchase the real property. The appellant refused the tender of appellee and to perform under the terms of the option agreement.

The appellee then filed a petition asking for specific performance. The appellant answered the petition acknowledging the execution

of the option agreement but further alleging that it was procured by fraud and deceit in that appellee intentionally, deliberately, falsely and deceitfully represented to appellant that he wanted to buy the property as a residence for a man who was to work for him; that appellee made such representations knowing that he intended to use the real estate for commercial purposes and not for residential purposes and that appellant relied on the false and deceitful representations of appellee; that at the time and place of the execution of the option agreement appellant orally stated to appellee that she would not sell the real estate if it was to be used for commercial purposes or any other purposes other than residential. She asked the court to cancel and set aside the agreement.

The matter was tried to the court on the testimony of appellant and appellee. The court found that judgment should be for the appellee and in a letter of decision stated as follows:

"I have carefully considered the evidence in the case of Grace vs. Martin, and I have also read the cases submitted by counsel. This suit is based upon a written instrument entitled Real Estate Option Agreement, giving the plaintiff an option to buy the property involved for $7,000.00. There are no exceptions in this agreement of any kind as to use or anything else that the property is to be put to. The defendant in this case testifies to facts which would make it appear that she was selling the property for a restricted purpose; that is, for residential purposes only. Taking into consideration all of the facts and surroundings, among which is the fact that the plaintiff owns the adjoining property which is now zoned for commercial purposes, and also taking into consideration the fact that the plaintiff testifies positively that there were no restrictions as to use of this property, and the defendant being wholly uncorroborated in her theory of the case, I have come to the conclusion that the plaintiff has sustained the burden of proof in this case and that he should be awarded judgment for specific performance of the real estate option agreement, and for costs."

Appellant moved for a new trial. In support of the motion appellant introduced the testimony of a neighbor, Mrs. Bertha Jackson and Mrs. Jackson's daughter Mrs. Winnie Mae Howell. Mrs. Bertha Jackson testified that she entered the home of Miss Martin in July, 1955, while Mr. Grace was there and waited in another room until he left. She heard Mr. Grace tell Miss Martin that her property would not be used commercially. On another occasion she said Grace told Miss Martin that Cecil his employee who was to live in the house would be here "Thursday." On cross-examination she testified she had not been present when Mr. Grace testified but that she had attended other portions of the trial. Mrs. Howell

testified only that she saw someone who her mother jokingly referred to as Cecil picking up cans, rubbish and etc. on the Grace property. In overruling the motion for new trial the court said:

"After having considered the motion, the Court finds that the only ground urged and presented in the argument in support of defendant's motion was that of newly discovered evidence and material to the defendant, which she could not, with reasonable diligence, have discovered and produced at the trial.

"The Court finds that said motion should be and the same is hereby overruled for the reason that the evidence offered at the time of the hearing of the motion for a new trial was merely cumulative and not newly discovered evidence."

Appellant makes three specifications of error:

"1. The Court erred in not applying the law applicable to the evidence.
"2. The Court erred in admission and rejection of evidence.
"3. The Court erred in overruling defendant's Motion for New Trial."

The first two were not presented to the district court on the hearing of the motion for new trial and also were not presented in appellant's brief. We must consider them as abandoned. (*Jukes v. North American Van Lines, Inc.*, 181 Kan. 12, 309 P. 2d 692.)

The question presented on appellate review is whether or not the court erred in overruling the motion for new trial on the grounds of newly discovered evidence.

This is a lawsuit to compel specific performance of a written agreement. The defense was fraud and deceit in the inception of the agreement.

While the lower court did not make findings of fact and conclusions of law it is evident from the letter of decision that the court was applying the general rule of law that parol evidence is not admissible to modify the terms of a written instrument subject only to several well defined exceptions. (*Stapleton v. Hartman*, 174 Kan. 468, 257 P. 2d 113; and *Oliver v. Nugen*, 180 Kan. 823, 308 P. 2d 132, and authorities cited therein.)

In the Stapleton case the court said:

". . . In this, as well as the first point, counsel invoke the rule stated in *Arensman v. Kitch*, 160 Kan. 783, 165 P. 2d 441, to the effect that when parties have negotiations with respect to a matter and later enter into a written contract, such contract evidences the final agreement of the parties, and that parol testimony of prior negotiations is not admissible. The rule, of course, is well recognized and clearly established, but there are well established exceptions to this general rule. Such evidence may be introduced to show that there had been misrepresentations or concealments as to what the contract contained so that there was no meeting of the minds of the parties. (*Nichols*

*v. Coppock,* 124 Kan. 652, 261 Pac. 574.) Such evidence is also admissible to show mutual mistake (*Mills v. Purdy,* 142 Kan. 133, 45 P. 2d 1049), to show fraudulent representations (*Youmans v. Kansas Tel. Co.,* 132 Kan. 360, 295 Pac. 697), or to explain incomplete and ambiguous writings (*Whitacre v. State Bank,* 138 Kan. 313, 26 P. 2d 584), or where the contract is incomplete or silent in some essential particular (*Mayse v. Grieves,* 130 Kan. 96, 285 Pac. 630) . . ." (p. 471.)

The court recognized that fraud and deceit are exceptions to the parol evidence rule and allowed the appellant's defense and supporting evidence.

The only evidence before the court was the testimony of the appellant. She stated her position vigorously and testified that the appellee prior to the execution of the option agreement came to her home and orally represented to her that he needed a good barbecue man at his place of business; that he knew one in Oklahoma who had promised to work for him and he had to get a place for this man to live; that he wanted to buy appellant's place for this purpose and that he would use it for residential purposes only; that the appellant could have the house on the property and that appellee would move it for her on some lots he would give her; that in the same conversation he handed her a petition for rezoning the property from residential to commercial which she returned to him unsigned; that appellee said there would be an article in the newspaper about plans for a professional building but not to pay any attention to it.

Of course, all of these facts were controverted by the appellee. Appellee testified that he delivered the proposed option agreement to appellant several days before it was executed and that she went over it thoroughly with her attorney before signing it.

In deciding the case the court noted that the written option agreement contained no exception of any kind as to use or anything else and thus in the absence of proof under some exception to the parol evidence rule the instrument must speak for itself. The court admitted the testimony of appellant under the parol evidence rule but found that her testimony was wholly uncorroborated and that she had not sustained the burden of proof of her defense.

We are bound by this finding. Questions of fact determined by a trial court on conflicting oral evidence are conclusive on appellate review. (*Oliver v. Nugen,* supra, and authorities cited therein.)

This brings us to a consideration of the motion for new trial. The granting of a new trial ordinarily rests in the sound discretion of

a trial court. (*Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440; *McFadden v. McFadden*, 179 Kan. 455, 296 P. 2d 1098; *Sundgren v. Leiker*, 180 Kan. 617, 305 P. 2d 843; *Gould v. Robinson*, 181 Kan. 66, 309 P. 2d 405.)

In the Gould case, the court said:

". . . (3) that the granting of the motion for a new trial rests so much in the trial court's sound discretion that its action will not be held to be reversible error on appellate review unless it can be said the party complaining thereof has clearly established error with respect to some pure, simple and unmixed question of law (*Sanders v. Wakefield*, 41 Kan. 11, 20 Pac. 518; *McCauley v. A. T. & S. F. Rld. Co.*, 70 Kan. 895, 79 Pac. 671; *Railway Co. v. Fields*, 73 Kan. 375, 85 Pac. 412; *Cronk v. Frazier*, 86 Kan. 879, 122 Pac. 893; *Rowell v. Gas Co.*, 81 Kan. 392, 396, 105 Pac. 691; *Bateman v. Roller*, supra; *Schroeder v. Texas Co.*, 609, supra.); and cannot be upheld." (p. 70.)

The court heard the testimony of Mrs. Bertha Jackson and Mrs. Winnie Mae Howell in support of the motion for new trial and concluded that it was merely cumulative and not newly discovered evidence sufficient to grant a new trial.

Newly discovered evidence which is only cumulative is not grounds for new trial (*Mourning v. Harrison*, 154 Kan. 242, 118 P. 2d 558; *Bond v. Bond*, 154 Kan. 358, 118 P. 2d 549; *Bentrup v. Biehn*, 171 Kan. 414, 233 P. 2d 529; *Smith v. Wichita Transportation Corp.*, 179 Kan. 8, 293 P. 2d 242; *State v. Hanks*, 179 Kan. 145, 292 P. 2d 1096).

The court did not err in overruling appellant's motion for new trial.

The judgment is affirmed.