No. 45,701

Bob L. Martin, *Appellee*, v. Bos Lines, Inc., *Appellant*.

(470 P. 2d 737)

Opinion filed June 13, 1970.

*R. L. White*, of White and Nettels, of Pittsburg, argued the cause, and D. J. Gutteridge, Jr., of White and Nettels, of Pittsburg, was with him on the brief for the appellant.

*David Mullies*, of Hudson and Hudson, of Fort Scott, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from a controversy as to the real party in interest in an action for breach of contract.

The following facts were disclosed by the evidence:

During some two months prior to March 31, 1967, Bob L. Martin, the plaintiff, was employed by the defendant as its agent in the city of Fort Scott, Kansas, with his principal duties being the picking up and delivering of freight in and around the city of Fort Scott.

On or about the first of March, 1967, the plaintiff was contacted by Lee Osborne, president of operations for Bos Lines, Inc., for the purpose of negotiating a contract with the plaintiff for delivery of freight in the towns of Jasper, Sheldon, Lamar and Nevada, Missouri, and Fort Scott, Kansas. An agreement was reached and a contract was prepared in the offices of the defendant, Bos Lines, Inc., in Marshalltown, Iowa. At all times during these negotiations all contacts with the plaintiff were by Lee Osborne, Kenneth Aldinger, Joe Fuqua and Jack Blanchan, who represented themselves as being agents of the defendant. The defendant informed the plaintiff that it had nearly completed purchase of Red Arrow Transportation Company, Inc., and was in the process of obtaining the proper Interstate Commerce Commission and Kansas Corporation Commission permits in order that they would have full authority in this area. The defendant requested through its agents that the name, Red Arrow Transportation Company, Inc., be used in the

contract so as to facilitate and not to cause any trouble with the Interstate Commerce Commission or Kansas Corporation Commission, since the full authority and permits in the area to be served by contract were still in the name of Red Arrow Transportation Company, Inc.

The contract was then prepared and signed by the plaintiff, and by Kenneth Aldinger, who represented himself as vice-president of Bos Lines, Inc., and having the authority to bind the defendant. The contract was for a period of one year and contained an option to renew for a further period of one year by either party upon giving the proper written notice. It was dated March 31, 1967.

During the first year the plaintiff and defendant operated under this contract. Freight was picked up by the plaintiff from the terminal operated by the defendant in Joplin, Missouri, as provided for in the contract. The Joplin terminal was carried under the name of Bos Lines, Inc., the company trucks located at the Joplin terminal and elsewhere carried the name of Bos Lines, Inc., and their various telephone numbers were listed under Bos Lines, Inc.

During the first year collections from freight were sent to Bos Lines, Inc., Marshalltown, Iowa, and all payments from the defendant to the plaintiff were made from the offices of Bos Lines, Inc., Marshalltown, Iowa, and all other correspondence and various phone calls were directly made between the defendant and the plaintiff. All reports and receipts concerning the freight transportation were sent directly to Bos Lines, Inc., Marshalltown, Iowa, and all payments were received directly from Bos Lines, Inc., Marshalltown, Iowa. The plaintiff did not know any representatives or officers of Red Arrow Transportation Company, Inc., and he did not know where, or even in what state Red Arrow Transportation Company, Inc., was located.

On February 28, 1968, the plaintiff gave written notice to the defendant of his election to accept the option of renewal for a further period of one year.

The defendant, Bos Lines, Inc., notified the plaintiff on March 13, 1968, that it had received the written notice to exercise the option under the contract for an additional period of one year, but stated that it had no alternative except to terminate the contract. The defendant, Bos Lines, Inc., then attempted to negotiate a new agreement with plaintiff.

The plaintiff brought an action for breach of the contract naming the Bos Lines, Inc. as defendant. The petition alleged in part:

"This contract was to commence on April 1, 1967 and end March 31, 1968. Prior, during and at all times the contract was entered into, and at all times thereafter, Bos Lines, Inc. was in the process of buying out and operating Red Arrow Transportation Company, Inc., and in fact was in complete operation and control of Red Arrow Transportation Company, Inc. at the time this contract was signed. At all times the negotiating, drafting and signing of this contract was carried on directly with defendant Bos Lines, Inc."

The defendant answered denying the above allegation and alleged other defenses as follows:

"Defendant, Bos Lines, Inc., specifically denies that they had any Interstate Commerce Commission permit to operate in the Ft. Scott area and as a result could not have entered into any agreement with plaintiff in regard to a freight contract.

"Further answering, defendant states that the contract in question was made between plaintiff, Bob Martin and Red Arrow, and in no way involved defendant. At no time has defendant obligated itself to assume the liabilities, debts or obligations of Red Arrow."

The case was tried to the court and the journal entry of judgment contained the following:

"1. The Court finds that the contract dated March 31, 1967, involved in this action, was in full force and effect between the parties to this action at all times material hereto.

"2. The Court finds the defendant unlawfully terminated this contract as against the plaintiff.

"3. The Court finds that as a result of such unlawful termination and breach, that the plaintiff suffered damages in the amount of $9,882.82.

"4. Plaintiff is hereby awarded judgment against the defendant in the sum of $9,882.82, and costs of this action."

The trial court's opinion on rehearing is informative. We quote:

"It is familiar law that where an agent, while acting as such, executes in his own name a written contract which does not reveal the fact of his agency, parol evidence is admissible to charge the undisclosed principal. New York Life Insurance Co. v. Martindale, 75 Kansas 142, 144. The rule is stated in Jones on Evidence, 5th Ed, 936, as follows: 'Parol evidence is often received to show the capacity in which a person acts, the real relation of parties to a writing, and the fact that persons who are not named therein are in fact interested.' . . .

"The contract sued upon was signed 'Red Arrow Transportation Company, Inc. by Kenneth Aldinger, *Its Carrier.*' Kenneth Aldinger was identified in the evidence as the executive vice-president of Bos Lines, Inc. Plaintiff's evidence was that he carried on all prior negotiations with Bos; that Bos prepared the contract and told him that because of pending permit applications Bos preferred the contract in its adopted form; and that plaintiff's only contact during the year of operation under the contract was with Bos. Bos paid plaintiff and delivered merchandise freight to him, he paid Bos and delivered freight to it. The court concludes that this evidence was properly received under the noted

exceptions to the parol evidence rule, and also as tending to explain the signatures to the contract[.]"

The defendant has appealed.

The appellant does not challenge the sufficiency of the evidence to establish the fact that it was the real party in interest but rather contends that—

"The lower court erred in granting judgment for appellee because said judgment was based wholly upon improperly admitted oral evidence which changed the terms of a written agreement and changed the names of the parties to the written contract."

The appellant states the issue as follows:

"The sole question presented to the court in this appeal is whether the evidence offered by the appellee at the trial level was competent evidence and would change or alter the expressed terms of a written contract. . . ."

Appellant suggests that appellee's testimony relates to negotiations carried on prior to the preparation and signing of the contract. It further suggests that it has long been the established rule in Kansas that prior negotiations are merged into the contract and parol evidence of prior contemporaneous agreements or understandings which tends to vary or substitute a new and different contract for the one evidenced by the writing is inadmissible. In support of this statement, our attention is called to *Grace v. Martin*, 182 Kan. 33, 318 P. 2d 1007; *Edwards v. Phillips Petroleum Co.*, 187 Kan. 656, 360 P. 2d 23; *Lawrence v. Sloan*, 201 Kan. 270, 440 P. 2d 626.

Appellant's statement of the rule cannot be challenged. However, like all good rules it has its exceptions. One of the exceptions is that parol evidence is admissible to identify the real party in interest to a contract.

A party cannot make a contract for his own benefit in the name of another and then avoid his obligations and liabilities by invoking the parol evidence rule to exclude proof of his true relationship to the transaction.

In 32A C. J. S., Evidence, § 989, p. 496, it is stated:

"When the terms of a contract are not thereby varied or contradicted, parol evidence is admissible to show for whose benefit the contract was made, or the real party in interest, as where the instrument shows that a party thereto acts not for himself, but for another, or to show who the parties intended should be bound."

At an early date we stated the rule in *Nutt v. Humphrey*, 32 Kan. 100, 3 Pac. 787, at page 105:

". . . It is true that the written contract is signed by Sarah A. Hunt and Mary Humphrey, but it cannot be doubted that parol testimony is admissible to show that one or both of the contracting parties to a written contract were agents of other persons, and acted as such agents in making the contract so as to give the benefit of the contract to an unnamed principal and to charge with liability an unnamed principal. Such evidence in no way contradicts the written agreement. (*Dykes v. Townsend*, 24 N. Y. 61; *Butler v. Kaulback*, 8 Kas. 668; *Wolfly v. Rising*, 12 id. 535-538; *Railway Co. v. Thacher*, 13 id. 564.)"

Again in *Edwards v. Gildemeister*, 61 Kan. 141, 59 Pac. 259, we stated at page 145 of the opinion:

". . . The resulting law is plain and well settled.

" 'Where a simple contract, other than a bill or note, is made by an agent in his own name, whether he describes himself to be an agent or not, whether the principal be known or unknown, he, the agent, will be liable to be sued, and entitled to sue thereon; and his principal also will be liable to be sued, and entitled to sue. thereon in all cases; and parol evidence is admissible, although the contract is in writing, to show that the person named in the contract was an agent, and that he was acting for his principal.' (1 A. & E. Encycl. of L., 1st ed., 392.)

"A multitude of authorities support the above-stated rule of liability of a principal in whose behalf a contract has been executed in the name of a duly-authorized agent, and its corrollary rule of admissibility of parol evidence to identify the principal, if unnamed, and to show the authority of the agent. . . ." (See, also, *Insurance Co. v. Martindale*, 75 Kan. 142, 88 Pac. 559.)

Those interested in cases from other states which follow the rule should see 80 A. L. R. 2d 1141 and 3 Am. Jur. 2d, Agency, § 315, p. 673, where it is said:

"When a principal, for the purpose of transacting business, adopts an assumed name, or the name of another, or of his agent, he is bound by the contract made in that name. The principal has a right to do business in his own name, or in the name of his agent, if he things [sic] it proper and advisable; and the admission of parol evidence identifying him as the real party in interest violates to no greater extent the rule against varying written contracts by extrinsic evidence than subjecting to liability an unknown and unnamed principal by similar means."

Parol evidence was admissible to show Bos Lines, Inc., was the real party in interest and there was ample evidence to sustain the verdict.

The judgment is affirmed.

APPROVED BY THE COURT.