No. 39,863

H. F. FULMER, *Appellee,* v. W. C. HALLBAUER, *Appellant.*

(289 P. 2d 771)

Opinion filed November 12, 1955.

*P. W. Stephens,* of Neodesha, and *O. L. O'Brien,* and *John F. O'Brien,* both of Independence, were on the brief for the appellant.

*Kirke C. Veeder,* of Independence, and *Carter Smith,* of Tulsa, Oklahoma, were on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover the value of crops raised by the plaintiff under a leasing contract with the defendant and for damages for breach of the contract by the defendant. As a result of motions made by the defendant the plaintiff filed an amended petition. Defendant's demurrer to the amended petition, hereafter called the petition, on the sole ground facts sufficient to constitute a cause of action were not stated, was overruled and he has appealed, assigning the ruling as error.

In view of the limited complaint made by the appellant in his brief, the allegations of the petition need not be noticed at length.

In his petition, plaintiff alleged that on July 10, 1953, the defendant leased to him for a period of one year a described four hundred acres of land under a written lease, a copy of which was attached to the petition as Exhibit "A", and that he immediately entered into possession; that the lease was the result of several conversations which culminated in the written contract ". . . which contract, however, marked Exhibit 'A' is not complete in that it does not embrace the entire agreement of the parties for as a part and parcel of said contract and for the purpose of inducing the plaintiff to execute the same, and did cause the plaintiff to execute the same, the defendant orally agreed to advance to the plaintiff sufficient funds during the term of said contract to maintain himself and family and to pay current operating expenses of said farm leased until the things produced and crops raised by the plaintiff would be sufficient for such purposes . . ." It was further alleged an estimate was made that $125 to $150 per month would be required and this defendant agreed to advance and he did advance $500 and plaintiff executed his note to defendant therefor. Without recitation of many details pleaded, it may be said that plaintiff alleged that he advised defendant on October 8, 1953, that further sums would be needed and defendant informed plaintiff that no further advancements would be made, resulting in plaintiff not being able to remain on the farm and carry out the leasing contract. Allegations as to preparing ground and planting wheat, which defendant harvested and sold and retained the proceeds, increase of livestock and other items of damage need not be detailed.

The leasing contract, which contained ten numbered paragraphs, is summarized. Under the first five paragraphs defendant leased

the lands to plaintiff, who was to pay a share of all wheat raised; plaintiff was to look after the livestock of defendant and receive one-half of the increase of specified cows, ewes and sows under conditions stated. Oats and row crops were to be fed to cattle of defendant and if there was a surplus, it was to be sold and the proceeds divided. Other provisions as to planting of crops, baling of hay, use of alfalfa, taking care of fences, use of dairy products, garden spot and other matters will not be further mentioned. In none of the above provisions was anything said about the defendant advancing any moneys to plaintiff for any purpose, nor that the plaintiff should give ·defendant any note for any purpose. The contract then recited:

"6. Party of the second part agrees to give party of first part a first prior outstanding lien and encumbrance against all the property rights of second part.. arising out of this agreement for the purpose of securing any promissory notes to be executed by party of the second part to party of the first part during the term of this agreement."

The remaining paragraphs of the contract pertain to matters not of present interest. They do not include any provision as to any note.

As heretofore noted, appellant's demurrer was upon the sole ground that facts sufficient to constitute a cause of action were not stated. In his brief, appellant limits his argument to the proposition that, as pleaded, the cause of action is based upon the breach of an oral agreement entered into prior to the execution of the written contract made a part of the petition. He states that the written contract is clear and unambiguous and argues that when preliminary negotiations lead to the execution of a written contract, such negotiations are merged into the written contract and the agreement is to be determined from the written contract (12 Am. Jur. 756; 17 C. J. S. 750; *McKay v. Clark,* 162 Kan. 653, 178 P. 2d 679); that parol evidence is not admissible to vary the terms of the contract (32 C. J. S. 784; 20 Am. Jur. 958); that where the contract is clear and unambiguous, it is the best evidence of the intention and agreement of the parties, and an allegation in a pleading that the parties intended something different from the plain import of its language may, at least where there is no claim of fraud, mistake or imposition, be disregarded (*Bobb v. Bancroft,* 13 Kan. 123); that where the parties have entered into a written agreement the pleading of oral negotiations prior to or contemporaneous with the written agreement, is proper only where the written agreement is ambiguous, and that

ambiguity does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which of one or two or more meanings is proper. (*Lawrence v. Cooper Independent Theatres*, 177 Kan. 125, 276 P. 2d 350.) In essence appellant's contention is the appellee has not alleged an enforceable agreement and the petition therefore does not state a cause of action.

We need not dwell at length on the rules of law stated, inasmuch as we agree with them. Their applicability, however, depends on appellant's premise that the contract is clear and unambiguous and contains nothing that shows on its face the entire agreement was not included. Without attempting to exhaust the subject we have held that where a written contract shows on its face that it is incomplete or that it is ambiguous, parol evidence may be received, not to vary or contradict its terms, but to show the complete agreement of the parties or to explain the incomplete or ambiguous writing, if the case be such. See, e. g., *Loflin v. Ault*, 149 Kan. 340, 87 P. 2d 524, and *Stapleton v. Hartman*, 174 Kan. 468, 257 P. 2d 113, and the cases cited in each of the above.

Bearing in mind the rules of law stated, we examine the contract to determine whether it discloses on its face that the entire contract was not included, or whether, from the language used, there is ambiguity. It has been previously pointed out that except for paragraph 6 the contract contains nothing about the appellant advancing any moneys to the appellee for any purpose, nor that the appellee should give to the appellant any note for any purpose. Notwithstanding, there was included in the contract the sixth paragraph heretofore quoted. In substance that paragraph provides that appellant shall have a lien against the property of appellee to secure any note given by appellee to appellant during the term of the agreement. The inclusion of the paragraph was to serve some purpose. Inasmuch as other paragraphs made no mention of notes by appellee to appellant, it seems clear that some agreement had between the parties was not included in the written contract, and that the written contract, on its face, is not complete. Although the language of paragraph 6 is not ambiguous when considered apart from the remainder of the contract, when the whole written contract is considered, the language of the paragraph is ambiguous in meaning. We cannot agree with appellant's contention that the contract is clear and unambiguous, and that it contains

nothing that shows the entire contract was not reduced to and included in the writing. In our opinion the trial court did not err in its ruling on the demurrer.

The ruling and decision of the trial court is affirmed.