No. 45,351

Ed Culp and Pat J. Culp, *Appellees,* v. Stan Bloss, *Appellant.*

(457 P. 2d 154)

Opinion filed July 17, 1969.

*Robert G. Knapp* and *Robert B. Yohe,* of Mission, were on the brief for the appellant.

*Wilson E. Speer,* of Olathe, argued the cause, and *Eugene T. Hackler, John Anderson, Jr.,* and *Joseph N. Vader,* of Olathe, were with him on the brief for the appellees.

The opinion of the court was delivered by

O'Connor, J.: This was an action to recover damages alleged to have resulted from false and fraudulent representations by the defendant, Stan Bloss, in the sale to the plaintiffs, Mr. and Mrs. Ed

Culp, of three vending machines and location rights therefor. The jury returned a verdict in favor of plaintiffs for actual and punitive damages. After various posttrial motions were overruled and the district court entered judgment pursuant to the verdict, defendant appealed.

Although the evidence was sharply conflicting in many respects, that tending to support the jury's verdict will be summarized.

Shortly before February 11, 1965, the Culps saw defendant's advertisement in the Sunday newspaper regarding profits that could be realized from the purchase and operation of coin-operated, automatic, vending machines. In response thereto plaintiffs went to defendant's office in Mission, Kansas, where they talked to a salesman. They were introduced to Bloss, who told them about three machines located at the Rock Island Truck Terminal in Kansas City, Kansas, which were reportedly producing substantial profits. Defendant represented to the Culps that he was grossing $400 per month from the machines, and they could do likewise. Defendant offered to take $1250 for the three machines and $1250 for the location. He further told plaintiffs the truck terminal operated seven days per week. Mr. Culp was taken to the terminal by defendant and shown purported records of daily sales disclosing a volume as represented. Upon their return to defendant's office, Bloss took plaintiffs' credit application, which was approved the following day (February 11). The transaction was consummated by plaintiffs making a down payment by check of $200 and executing a note and chattel mortgage for the remainder of the purchase price. Mrs. Culp, who wrote and signed the check, noted on the instrument— "Downpayment on candy vending machine, coffee-hot choc. & cigarette and location at Rock Island Truck Terminal." No bill of sale was received by the Culps.

Mr. and Mrs. Culp took over operation of the machines on February 12. They kept them at the terminal until December 11, 1965, when they removed them to their home at the request of the terminal manager. Never did the Culps gross $400 a month from the machines; in fact, the operation was a financial failure. Later developments disclosed that Bloss had no agreement with the terminal officials giving him location rights for a particular period of time. The only arrangement was that "he could keep them there as long as he kept them clean and kept them filled."

Furthermore, the terminal, instead of being in operation seven days a week, was closed from Saturday noon until Monday morning.

In time, the Culps defaulted on their payments, and the machines were repossessed by The Johnson County National Bank and Trust Company as assignee of the note and mortgage. The machines were eventually reacquired by Bloss. As a part of his answer to plaintiffs' petition in this action, Bloss counterclaimed for a deficiency judgment in the amount of $492.06, the difference between the balance on the note and the value of the machines.

Defendant's main complaint concerns the trial court's admitting evidence of oral representations about the amount of sales from the machines, location rights, and other matters which were clearly outside the terms of the written note and chattel mortgage, in violation of the parol evidence rule. We are unable to agree.

The note and mortgage were in the usual form, describing the three vending machines, the purchase price, and terms of payment. The chattel mortgage contained the statement: "This constitutes the entire agreement between Buyer and Seller and no oral modification hereof shall be valid." Defendant relies on the proposition that where parties carry on oral negotiations and later enter into a written contract covering the subject matter, all prior or contemporaneous negotiations and understandings are deemed to be merged in the contract and must be determined from the writing itself, and under such circumstances, where the contract is complete and unambiguous, parol evidence of prior or contemporaneous agreements or understandings tending to vary or substitute a new and different contract for the one evidenced by the writing is inadmissible. (See, *Lawrence v. Sloan*, 201 Kan. 270, 440 P. 2d 626, and cases therein cited.)

In his argument defendant overlooks the limited purpose of the note and chattel mortgage, which was to set out the terms and conditions of the security aspects of the entire sales agreement. Plaintiffs, by their evidence, made no attempt to vary the terms or alter the obligations of those instruments. They merely sought to establish all the complete agreement between the parties, only a part of which was in writing. Also involved in the transactions was a check accepted and negotiated by defendant which contained a notation that it constituted a down payment for the three vending machines and the location at the Rock Island Truck Terminal. The check was admitted without objection, and constituted evidence of

the consideration intended for plaintiffs' payment—the machines and *location rights.*

Location rights were not mentioned in the chattel mortgage. But when the notation on the check was considered with the provision in the chattel mortgage previously referred to, there became apparent some inconsistence and ambiguity as to whether or not the purchase price also included location rights. Under the circumstances, parol evidence was admissible to explain the terms of the complete agreement and clear up any ambiguity or conflict resulting from the notation on the check and the provisions of the chattel mortgage. (*In re Estate of Goff,* 191 Kan. 17, 379 P. 2d 225; *Souder v. Tri-County Refrigeration Co.,* 190 Kan. 207, 373 P. 2d 155; *Fulmer v. Hallbauer,* 178 Kan. 535, 289 P. 2d 771. Also, see, *Gibbs v. Erbert,* 198 Kan. 403, 424 P. 2d 276.) In *Souder v. Tri-County Refrigeration Co.,* supra, it was stated:

"The rule against the admission of parol evidence to contradict, alter or vary the terms of written instruments is not violated when such evidence does not contradict but explains or supplements indefinite or incomplete matters contained in the instruments, or when it tends to show the relation of the parties and the circumstances under which the instruments were executed." (Syl. ¶ 3.)

For that matter, if the chattel mortgage is considered alone, it being silent as to the matter of location rights, which plaintiffs urge was an essential point discussed and agreed upon between the parties, parol evidence was admissible to show the actual agreement in its entirety. (*In re Estate of Goff,* supra; *Hummel v. Wichita Federal Savings & Loan Ass'n,* 190 Kan. 43, 372 P. 2d 67; *Kirk v. First National Bank,* 132 Kan. 404, 295 Pac. 703.)

Furthermore, the parol evidence rule was not violated, as defendant contends, by the admission of alleged fraudulent representations made by defendant to the plaintiffs leading up to the parties' entering into contract. A well-recognized exception to the parol evidence rule permits the use of such evidence where a contract is procured or induced by the fraudulent representations of one of the parties which were relied upon by the other. (*Edwards v. Phillips Petroleum Co.,* 187 Kan. 656, 360 P. 2d 23; *Stegman v. Professional & Business Men's Life Ins. Co.,* 173 Kan. 744, 252 P. 2d 1074; *Stapleton v. Hartman,* 174 Kan. 468, 257 P. 2d 113; *McKay v. Clark,* 162 Kan. 653, 178 P. 2d 679.)

Defendant also contends the trial court erred in admitting the

testimony of Laverna Babcock concerning an earlier, unrelated sale in 1964 to her by defendant of vending machines at the truck terminal location in which she paid defendant $2,000 specifically for the "location rights." In the instant case, whether or not a part of the consideration paid defendant by plaintiffs was earmarked for location rights was a hotly contested issue and constituted one of the grounds for plaintiffs' claim of fraud. Essential elements of the fraud alleged were defendant's motive and intent. Throughout the trial defendant steadfastly contended location rights were not included as a part of the sale. We are of the opinion the testimony was relevant and admissible for the purpose of showing defendant's motive and intent to defraud the plaintiffs in the purported sale of location rights.

In actions involving fraud, evidence of the same or similar fraudulent representations made to others than the plaintiff is competent and relevant for the purpose of establishing the elements of motive or intent to defraud. (*Stegman v. Professional & Business Men's Life Ins. Co.,* supra; *Becker v. McKinnie,* 106 Kan. 426, 186 Pac. 496; 29 Am. Jur. 2d, Evidence § 365; 37 Am. Jur. 2d, Fraud and Deceit § 456; 1 Jones on Evidence [5th Ed.] § 160.) The provisions of K. S. A. 60-455 state, in part:

". . . evidence that a person committed a . . . civil wrong on a specified occasion, is inadmissible to prove his disposition to commit . . . civil wrong as the basis for an inference that he committed another . . . civil wrong on another specified occasion but, . . . such evidence is admissible when relevant to prove some other material fact including *motive,* opportunity, *intent,* preparation, plan, knowledge, identity or absence of mistake or accident." (Emphasis added.)

The principles announced in the foregoing statute are applicable to fraud cases and constitute nothing new in our law on the subject. (See Gard, Kansas Code of Civil Procedure, Annotated, § 60-455.)

Defendant further asserts the trial court erred in refusing to enter judgment against plaintiffs on his counterclaim for $492.06. This matter was raised by motions at the conclusion of plaintiffs' evidence, at the close of all the evidence, and again in posttrial motions. We are not favored in the record with the court's instructions to the jury; but it is apparent from the remarks of the trial judge at the hearing on posttrial motions that the jury was instructed to take into consideration defendant's counterclaim in rendering its verdict. In other words, the counterclaim was reflected in the jury's

verdict, which was approved by the trial court. The burden is always upon an appellant to show error in the ruling he seeks to overturn (*Hartman v. Stumbo*, 195 Kan. 634, 408 P. 2d 693), and defendant has failed to establish affirmatively that the trial court erred in respect to his counterclaim.

The points discussed control the disposition of this case. Other matters raised in defendant's brief have been examined and found to be without merit. After a careful examination of the record, we are satisfied no prejudicial error occurred at the trial, and the verdict is supported by substantial, competent evidence.

The judgment is affirmed.