(927 P.2d 517)

No. 74,855

MILES EXCAVATING, INC., *Appellant*, v. RUTLEDGE BACKHOE AND SEPTIC TANK SERVICES, INC., *Appellee*.

Opinion filed November 22, 1996.

*Lori R. Schultz* and *William E. Hanna*, of Morrison & Hecker, L.L.P., of Kansas City, Missouri, for appellant.

*J. Michael Grier, Lori H. Hill*, and *Jeff Kennard*, of Blackwell Sanders Matheny Weary & Lombardi, L.C., of Overland Park, for appellee.

Before ELLIOTT, P.J., KNUDSON, J., and RICHARD M. SMITH, District Judge, assigned.

ELLIOTT, J.: Miles Excavating, Inc., (Miles) sued Rutledge Backhoe and Septic Tank Services, Inc., (Rutledge) for breach of contract and fraud or fraud in the inducement of a release agreement. The trial court granted Rutledge's motion to dismiss for failure to state a claim and denied Miles' request to file an amended petition.

We reverse and remand.

The petition made the following allegations: Miles and Rutledge agreed to provide services on a project for Terracon Environmental, Inc., (Terracon) at the McCormick Distillery. Miles and Rutledge agreed to share profits equally. Upon completion of the project, Rutledge submitted two notices to Terracon. When Rutledge received payment on the first invoice, it paid Miles its share of the

profits and required Miles to execute a release acknowledging payment in full. Rutledge did not inform Miles of the second invoice or that it expected to receive additional monies from the project.

A few days after Miles executed the release, Rutledge received an additional $185,250 for the project. Not surprisingly, Rutledge refused to pay Miles any portion of the monies received from the second invoice.

In its motion to dismiss, Rutledge argued that Miles admitted executing the release which contained the following language: "[T]his Release is not executed in reliance upon any statement or representation made by the party or parties hereby released." Miles responded it should be allowed to present evidence of the alleged fraud and that the parol evidence rule does not exclude that evidence where the contract was induced by fraud.

Our standard of review is to determine whether the facts pled, viewed in a light most favorable to plaintiff, state any valid claim for relief. We accept plaintiff's version of the facts and any reasonable inferences which may be drawn from them, and must resolve any doubts in plaintiff's favor. Dismissal is proper only if the allegations in the petition clearly show plaintiff has no claim. *Blevins v. Board of Douglas County Comm'rs*, 251 Kan. 374, 381, 834 P.2d 1344 (1992).

In dismissing, the trial court ruled the release covered all claims arising out of the McCormick Distillery project and also ruled that parol evidence could not be used to vary the terms of the release agreement. The parties agree that Kansas law applies.

In *Stegman v. Professional & Business Men's Life Ins. Co.*, 173 Kan. 744, 751, 252 P.2d 1074 (1953), the Supreme Court held that parol evidence is permitted where a contract is procured or induced by fraud, explaining that "[f]raud vitiates whatever it touches including final judgments and final orders as well as contracts." See also *Griesa v. Thomas*, 99 Kan. 335, 339-41, 161 Pac. 670 (1916) (parol evidence rule not applicable where fraud pled and proved); *Hart v. Haynes*, 96 Kan. 262, Syl. ¶ 2, 150 Pac. 530 (1915).

The twist in the present case is the clause in the release stating that Miles did not rely on any representations of Rutledge. No Kansas case has directly addressed the issue of the effect of such

a clause, but "the rule supported generally is that a provision in a written contract expressly excluding from consideration representations not included in the written contract does not prevent proof of parol representations which amount to fraud in the inducement of the contract." 37 Am. Jur. 2d, Fraud & Deceit § 452; see Annot., 56 A.L.R. 13, 56.

*Oak Industries, Inc. v. Foxboro Co.*, 596 F. Supp. 601 (S.D. Cal. 1984), involved similar, if not identical, arguments to the ones made in the present case. There, the court allowed parol evidence to show fraud in the inducement of a contract even where the contract had a provision that no oral representation had been made. The court reasoned that extrinsic evidence of fraud does not contradict or vary the terms of the written contract—it merely shows that no binding contract was ever made. Further, the parol evidence rule should never be used to shield fraud. 596 F. Supp. at 607-08.

Rutledge's reliance on *Edwards v. Phillips Petroleum Co.*, 187 Kan. 656, 360 P.2d 23 (1961), and *Kelly v. Tillotson-Pearson, Inc.*, 840 F. Supp. 935 (D.R.I. 1994), is misplaced. Both cases are distinguishable, since both cases involved disclaimers specific to the matter about which the plaintiffs claimed to have been defrauded. See 840 F. Supp. at 939-42; 187 Kan. at 658, 662.

Further, the parol evidence rule is not violated when the evidence tends to show the relation of the parties and the circumstances under which the contract was executed. See *In re Estate of Goff*, 191 Kan. 17, 29, 379 P.2d 225 (1963).

We hold that parol evidence is admissible to show fraud in the inducement of a contract even where the contract contains a provision stating the parties have not relied on any representations other than those contained in the writing. Accordingly, the trial court erred in ruling Miles' petition failed to state a claim.

Because of our holding on the dismissal ruling, we need not address the issue concerning Miles' request to file an amended petition.

Reversed and remanded for further proceedings.