## RAMADA FRANCHISE SYSTEMS, INC., Plaintiff,

v.

## TRESPROP, LTD., and Donald P. Boos, Defendants.

### No. Civ.A. 98–2511–KHV.

United States District Court, D. Kansas.

Aug. 26, 1999.

---

Edward R. Spalty, Jill Allison Morris, Armstrong Teasdale LLP, Paul G. Schepers, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, for plaintiff.

Steven H. Mustoe, Eric C. Carter, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for defendants.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

Ramada Franchise Systems, Inc., brings this action against Tresprop, Ltd. and Donald P. Boos, claiming trademark infringement and breach of a license agreement. On February 9, 1999, defendants filed a counterclaim which alleged that plaintiff fraudulently induced defendants to enter into the franchise license agreement. *See Answer And Counterclaim* (Doc. # 10). This matter comes before the Court on plaintiff's *Motion To Dismiss Counterclaim* (Doc. # 21) filed April 1, 1999. Also before the Court is defendants' *Motion For Leave To File An Amended Counterclaim* (Doc. # 23) filed April 27, 1999.

Plaintiff seeks dismissal under Fed. R.Civ.P. 12(b)(6), on the ground that defendants fail to state a claim upon which relief may be granted. In the alternative, plaintiff seeks dismissal under Fed.R.Civ.P. 9(b), on the ground that defendants fail to plead fraud with sufficient particularity. Defendants seek leave to file an amended counterclaim which attempts to address plaintiff's complaints with regard to specificity. For reasons stated more fully below, both motions are sustained.

### Motion to Dismiss Standards

In determining whether a counterclaim should be dismissed, the Court applies the same standards that are applied when considering a motion to dismiss a complaint for failure to state a claim on which relief may be granted. See *Federal Deposit Ins. Corp. v. Renda*, 692 F.Supp. 128, 133 (D.Kan.1988); Fed.R.Civ.P. 12(b)(6). All relevant statements of fact contained in the counterclaim must be accepted as true, and the benefit of reasonable inferences given to the complainant. See *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (court must assume as true all well pleaded facts of complaint and view them in light most favorable to plaintiff). The Court must make all reasonable inferences in favor of the complainant, and construe the pleadings liberally. See Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir.1993). The issue is not whether the complainant will prevail, but whether the complainant is entitled to offer evidence to support its claims.

The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the complainant can prove no set of facts in support of its theories of recovery that would entitle it to relief. See *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). Although the complainant need not precisely state each element of its claims, the complainant must plead minimal factual allegations on those material elements that must be proved. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

■ Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. See *N.L. Indus., Inc. v. Gulf & Western Indus., Inc.*, 650 F.Supp. 1115, 1129–30 (D.Kan.1986). Rule 9(b) is to be read in harmony with the simplified notice pleading provisions of Rule 8. See *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1362 (10th Cir. 1989). Thus, to plead a fraud claim, the complainant must describe the circumstances of the fraud, i.e., the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by the complainant's reliance on the false representation. See *Smith v. MCI Telecomms. Corp.*, 678 F.Supp. 823, 825 (D.Kan.1987). Stated differently, Rule 9(b) requires the complainant to set forth the "who, what, where, and when" of the alleged fraud. *Nal II. Ltd. v. Tonkin*, 705 F.Supp. 522, 525–26 (D.Kan.1989).

### Factual Background[1]

Ramada Franchise Systems, Inc. is a widely known national guest lodging facility services provider. Through its nationwide franchise system, Ramada markets, promotes and provides services to its franchisees. To identify the origin of their guest lodging services, franchisees are allowed to utilize the Ramada Marks and promote the Ramada brand name. On April 8, 1996, Ramada entered into a license agreement [the "Agreement"] with defendant Tresprop for the operation of a 139–room guest lodging facility in Topeka, Kansas.

Section 1 of the Agreement provides: "We have the exclusive right to license and franchise to you the distinctive 'Ramada' System for providing transient guest lodging services. We grant to you and you accept the License...." Section 15.3, entitled "[Proprietary Rights:] Other Locations and Systems," further provides that

> [Ramada Franchise Systems] and our affiliates each reserve the right to own, in whole or in part, and manage, operate, use, lease, finance, sublease, franchise, license (as licensor or licensee), provide services to ... (iii) a Chain Facility at or for any location other than the Location. There

---

1. The Court accepts as true all relevant factual allegations in the counterclaim, and gives defendants the benefit of reasonable inferences.

are no territorial rights or agreements between the parties.

The Agreement defines "Location" as "the parcel of land located at 3802 S. Topeka Boulevard, Topeka, Kansas 66609."

Ramada demanded liquidated damages from Tresprop under Section 12.1 of the Agreement. That section provides that "[i]f we terminate the License under Section 11.2 or you terminate this Agreement . . . you will pay us within 30 days following the date of termination, as Liquidated Damages, an amount equal to the sum of accrued Royalties and RINA Services Assessment Fees during the immediately preceding 24 full calendar months. . . ." Notwithstanding Ramada's demand, Tresprop has failed to pay Ramada the liquidated damages required in Section 12.1 of the Agreement.

Defendants entered into the Agreement "based upon plaintiff's representations that it would be the only Ramada Franchise operating in the Topeka market." *Answer And Counterclaim* (Doc. # 10) filed February 9, 1999 at 6, ¶ 69. Plaintiff knew that this representation "was false or known not to be true." *Id.* ¶ 70. "The representation was material to defendants' decision to enter into the Ramada franchise system," *id.* ¶ 71, and defendants "justifiably relied upon the representation." *Id.* ¶ 72. As a direct result of the misrepresentation, defendants sustained damage—including "money spent upon the property required of a Ramada franchisee, lost profits, increased operating overhead, and diminished property value." *Id.* ¶ 73.

### Analysis

Plaintiff challenges defendants' counterclaim on the grounds that (1) it fails to state a claim under Fed.R.Civ.P. 12(b)(6) because the Agreement contains no provisions which grant defendants exclusive rights in the Topeka market, and the Agreement contains merger and integration clauses which preclude consideration of any prior representations; and (2) defendants have failed to plead the counterclaim with sufficient particularity under Fed.R.Civ.P. 9(b) and can prove no set of facts which entitle them to relief.

### I. Defendants' Counterclaim Does Not Fail To State a Claim Under Fed. R.Civ.P. 12(b)(6)

Under the Agreement plaintiff reserves the right to own, manage, operate, use, lease, finance, sublease, franchise, license and provide services to "a Chain Facility at or for any location other than" defendants' location. The Agreement also provides that the parties have no territorial rights or agreements, and it explicitly defines the "Location" as defendants' parcel of land on Topeka Boulevard in Topeka, Kansas. Citing these provisions, plaintiff argues that the Agreement expressly grants Tresprop a nonexclusive franchise right, *not* an exclusive one, and that as a matter of law any oral promises cannot establish a basis for fraudulent inducement or misrepresentation.

■ Plaintiff further argues that the parol evidence rule bars Tresprop from offering evidence of prior representations to support its allegations. Under the parol evidence rule, a party may not rely on evidence of prior or contemporaneous verbal statements to contradict the terms of a written agreement. *See Flight Concepts Ltd. Partnership v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994). Where a written license agreement "directly contradicts the oral promises made during contract negotiations, the oral promise[s] cannot be construed as fraudulent" and "cannot establish fraudulent inducement or misrepresentation as a matter of law." *Id.* (citing *Edwards v. Phillips Petroleum Co.*, 187 Kan. 656, 660, 360 P.2d 23, 27 (1961); *Jack Richards Aircraft Sales, Inc. v. Vaughn*, 203 Kan. 967, 973, 457 P.2d 691, 696 (1969)). Citing the provisions noted above and invoking the parol evidence rule, plaintiff concludes that as a matter of law, a contradictory oral promise during the course of negotiations could not be fraudulent or establish fraudulent inducement or misrepresentation.

■ In response, defendants argue that the counterclaim falls within the fraud exception to the parol evidence rule. This exception permits a party to introduce evidence of fraudulent representations during the course of negotiations where a contract is procured or induced by the fraudulent representations

of one party on which the other party relied to its detriment. *See Culp v. Bloss,* 203 Kan. 714, 717, 457 P.2d 154, 157 (1969). This Court has elsewhere noted that a well-recognized exception to the parol evidence rule permits the use of evidence of fraudulent representations made during the course of negotiations where a contract is procured or induced by the fraudulent representations of one of the parties which were relied upon by the other. *See Inter–Americas Ins. Corp. v. Xycor Sys., Inc.,* 757 F.Supp. 1213, 1222 (D.Kan.1991).

■ In order for evidence to be admissible under the fraud exception, the evidence must tend to establish some independent fact or representation, some fraud in the procurement of the instrument, or some breach of confidence concerning its use, and not a promise directly at variance with the promise of the writing. *See Terry Bivens Constr. Co. v. Southwestern Bell Tel. Co.,* No. Civ. A. 89–2305–GTV, 1993 WL 112986 at *5 (D.Kan. Mar. 5, 1993). *See also Edwards v. Phillips Petroleum Co.,* 187 Kan. 656, 660–61, 360 P.2d 23, 26–27 (1961) (where written contract, to promisee's knowledge, reveals falsity of oral promise, promisee cannot invoke rule that fraud may be predicated on promise made without intention of performance); *Jack Richards Aircraft Sales, Inc. v. Vaughn,* 203 Kan. 967, 973–74, 457 P.2d 691, 696 (1969) (parol evidence inadmissible when alleged fraud concerns promise or representation directly at variance with terms of written agreement) (citing *Edwards;* 32A C.J.S. Evidence § 979, p. 473 (parol evidence inadmissible when alleged fraud concerns promise or representation directly at variance with terms of written instrument)).

Citing a case from this district and a Tenth Circuit case which applies Colorado law, defendants argue that the limitation on the parol evidence rule exception is "inconsistent with Tenth Circuit law." Defendants' *Suggestions In Opposition To Plaintiff's Motion To Dismiss Counterclaim Or, In The Alternative, Motion For Leave To File An Amended Counterclaim* (Doc. # 23) filed

April 26, 1999 at 2. Defendants' argument is without merit. In *Inter-Americas Insurance Co., Inc. v. Xycor,* 757 F.Supp. 1213, the court merely cited the exception to the parol evidence rule in general terms and concluded without analysis that defendants' argument was meritless.

As for *Monus v. Colorado Baseball 1993, Inc.,* 103 F.3d 145, 1996 WL 723338 (10th Cir. Dec. 17, 1996), the Tenth Circuit held that under Colorado law, "proof of fraud in the inducement may be shown even if the evidence offered specifically contradicts the writing or a merger clause." *Id.* at *14 n. 5 (citing *Bill Dreiling Motor Co. v. Shultz,* 168 Colo. 59, 64, 450 P.2d 70, 73 (1960); Calamari & Perillo, *Contracts,* §§ 3–7(c) at 159, 3d ed. (1987)). *Monus* does not alter the parol evidence rule in Kansas. Indeed, the Tenth Circuit acknowledged the Kansas rule as set forth in *Jack Richards Aircraft Sales,* but was obligated to apply Colorado law. *See Monus,* 103 F.3d 145, 1996 WL 723338 at *14 n. 5 ("[t]he parol evidence rule is a rule of substantive law, *In re Continental Resources Corp.,* 799 F.2d 622, 626 (10th Cir.1986), and therefore, the doctrine of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires that we apply Colorado law.") (citing *Klein v. Grynberg,* 44 F.3d 1497, 1503 (10th Cir.), *cert. denied,* 516 U.S. 810, 116 S.Ct. 58, 133 L.Ed.2d 22 (1995)). *See also Flight Concepts,* 38 F.3d at 1157 (under Kansas law, where written contract directly contradicts oral promise made during contract negotiations, oral promise cannot be construed as fraudulent) (citing *Edwards,* 187 Kan. at 659, 360 P.2d at 26; *Jack Richards Aircraft Sales,* 203 Kan. at 973, 457 P.2d at 696).

■ Applying Kansas law, the Court cannot agree that the fraud exception is inapplicable to the theory of fraudulent inducement which is articulated in defendants' counterclaim. Defendants allege that plaintiff fraudulently induced them to enter into the Agreement based on the representation that the franchise would be the only Ramada franchise operating in the Topeka market.[2] Such

---

**2.** The language of defendants' proposed amended counterclaim seeks to clarify the alleged misrepresentations as follows:

a statement is not directly contrary to the language of Section 15.3, which provides that:

> [Ramada Franchise Systems] and our affiliates each reserve the right to own, in whole or in part, and manage, operate, use, lease, finance, sublease, franchise, license (as licensor or licensee), provide services to ... (iii) a Chain Facility at or for any location other than the Location. There are no territorial rights or agreements between the parties.

Section 15.3 reserved to plaintiff the right to license other facilities in the Topeka area. Defendants do not challenge plaintiff's right to license other facilities but claim that they relied to their detriment on plaintiff's oral representations that it would not *exercise* its right to do so. Defendants' theory is made more explicit by the proposed amendments to their counterclaim. Even without the amendments, defendants are entitled to the benefit of all favorable inferences. Under that test, plaintiff's motion to dismiss must be overruled. Plaintiff's alleged oral representation is therefore not directly at variance with the terms of the Agreement. Accordingly, the Court cannot hold as a matter of law that the fraud exception to the parole evidence rule is unavailable in this case.

Plaintiff further argues that the Agreement's multiple merger and integration clauses prohibit any consideration of prior representations. According to its own terms, the Agreement supersedes "all prior representations agreements and understandings, oral or written" about the facility. *Complaint* (Doc. # 1) filed November 12, 1998 (Exh. A attached thereto, § 17.5). It also expressly recognizes that neither plaintiff nor any person acting on its behalf "has made any oral or written representation or promise to [Tresprop] that is not written in this Agreement on which [Tresprop is] relying to enter into this Agreement," and Tresprop agreed to "release any claim against [plaintiff] or [plaintiff's] agents based on any oral or written misrepresentation or promise not stated in this Agreement." *Id.* (Exh. A, § 14.2).[3] Finally, the Agreement contains a disclaimer of "express or implied covenants or warranties, oral or written, between [plaintiff] and [Tresprop] except as expressly stated in this Agreement." *Id.* (Exh. A, § 14.3).[4]

■ Plaintiff argues that the merger and integration clauses fully integrate the Agreement, effectively precluding any consideration of prior representations. *See, e.g., Kinn v. Coast Catamaran Corp.*, 582 F.Supp. 682, 686 (E.D.Wis.1984) (where terms of written nonexclusive dealership agreement identify instrument as full and complete agreement notwithstanding any prior understandings, parol evidence rule bars any consideration of prior oral communications between parties for purpose of modifying written agreement); *Victory Motors of Savannah, Inc. v. Chrysler Motors Corp.*, 357 F.2d 429, 431 (5th Cir.1966) (where written agreement provided that agreement canceled and superseded all earlier agreements, written or oral, written agreement was totally integrated contract which superseded any previous oral agreements); *Snyder v. Howard Johnson's Motor*

---

3. At the time of the negotiations with Mr. Smith [regional sales representative for Ramada], there were two other Ramada franchises in Topeka, Kansas. Based on [Ramada's] familiarity with these other two Ramada facilities and their poor quality of service, [defendants were] informed that the value of the "Ramada" name was diminished in the Topeka area.

4. In response, Mr. Smith repeatedly informed defendants that the other two Ramada franchises in Topeka were failing to honor their commitments under their respective agreements and that they already were or would soon be terminated from the Ramada franchise system.

Defendants' *Suggestions In Opposition To Plaintiff's Motion To Dismiss Counterclaim Or, In The Alternative, Motion For Leave To File An Amended Counterclaim* (Doc. # 23) filed April 26, 1999 (Exh. A attached thereto, ¶¶ s 3–4).

**3.** *See Schubot v. McDonalds Corp.*, 757 F.Supp. 1351, 1356 (S.D.Fla.1990) ("[c]lauses releasing parties and disclaiming liabilities ... overcome any oral representations not contained in the written franchise agreement.") (citations omitted), *aff'd*, 963 F.2d 385 (11th Cir.1992).

**4.** *See Whittenburg v. L.J. Holding Co.*, 830 F.Supp. 557, 563–64 (D.Kan.1993) (plaintiffs may not bring claim for negligent misrepresentation where contract contains integration clause and clear disclaimer of all other remedies for negligence).

*Lodges, Inc.,* 412 F.Supp. 724, 727 (S.D.Ill. 1976) (written license agreement which disclaimed any representations, inducements, promises or agreements not embodied therein constituted final and complete agreement between parties, thus precluding introduction of parol evidence to modify integrated contract).

In response, defendants argue that the merger and integration clauses are mere boilerplate statements that are lacking the requisite specificity, and are unrelated to the oral statements which form the basis of the fraudulent inducement counterclaim. Defendants maintain that the merger and integration clauses do not "specifically disclaim reliance on any oral representation concerning the particular matter" underlying defendants' counterclaim, and therefore the clauses do not bar defendants' fraudulent inducement counterclaim. *See Miles Excavating, Inc. v. Rutledge Backhoe and Septic Tank Servs., Inc.,* 23 Kan.App.2d 82, 84, 927 P.2d 517, 518 (1996) (parol evidence admissible to show fraud in inducement of contract even where contract contains provision stating that parties have not relied on any representations other than those contained in written contract). *See also, e.g., Manufacturers Hanover Trust Co. v. Yanakas,* 7 F.3d 310, 316 (2d Cir.1993) (citing *DiFilippo v. Hidden Ponds Assoc.,* 146 A.D.2d 737, 737–38, 537 N.Y.S.2d 222, 223–24 (1989) (contract provision not bar to fraud-in-inducement claim where contract provision "d[id] not specifically disclaim reliance on any oral representation concerning the particular matter as to which plaintiff now claims he was defrauded")).

Under Kansas law, the boilerplate release provision would not bar parol evidence to show fraudulent inducement. *E.g., Miles Excavating, Inc.,* 23 Kan.App.2d at 84, 927 P.2d at 518. Further, the boilerplate merger and integration clauses do not "specifically" disclaim reliance on plaintiff's oral representations during the negotiations. Accordingly, the Court cannot conclude as a matter of law that they prohibit any consideration of plaintiff's prior oral representations.

## II. Defendants' Proposed Amended Counterclaim Alleges Fraud With The Requisite Particularity Under Fed. R.Civ.P. 9(b)

Plaintiff argues that defendants have failed to plead fraud with the requisite particularity under Fed.R.Civ.P. 9(b). Rule 9(b) provides: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Following the "straightforward language" of Rule 9(b), the Tenth Circuit has held that "Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind." *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997) (citing *Seattle–First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir.1986)).

Simply stated, Rule 9(b) requires the party claiming fraud to set forth "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz,* 124 F.3d at 1252 (citations omitted). *See also Nal II, Ltd. v. Tonkin,* 705 F.Supp. 522, 525–26 (D.Kan.1989) (Rule 9(b) requires plaintiff to set forth "who, what, where, and when" of alleged fraud); *Smith v. MCI Telecomms. Corp.,* 678 F.Supp. 823, 825 (D.Kan.1987) (fraud claim must describe time, place and content of false representation; identity of person making representation; and what was obtained or given thereby). The Court must read the requirements of Rule 9(b) in conjunction with Rule 8, which calls for pleadings to be "simple, concise, and direct, . . . and to be construed as to do substantial justice." *See Schwartz,* 124 F.3d at 1252; *see also Seattle–First,* 800 F.2d at 1011; *Cayman Exploration Corp.,* 873 F.2d at 1362 (Rule 9(b) must be read in harmony with simplified notice pleading provisions of Rule 8).

The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . ." *Schwartz,* 124 F.3d at 1252 (citing

*Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir.1992); *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990)). *See also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 29 F.Supp.2d 1253, 1258 (D.Kan.1998); *NL Indus., Inc. v. Gulf & Western Indus., Inc.*, 650 F.Supp. 1115, 1129–30 (D.Kan.1986) (purpose of Rule 9(b) to enable defending party to prepare effective response to charges of fraud and to protect defending party from unfounded charges of wrongdoing which might injure its reputation and good-will).

Plaintiff argues that defendants' counterclaim for fraudulent inducement merely alleges that plaintiff made a representation, and fails to plead the identity of the person who made the alleged misrepresentation. Plaintiff also complains that the counterclaim fails to identify either the time or the place of the misrepresentation. Plaintiff concludes that defendants' counterclaim wholly fails to comply with Rule 9(b) and must therefore be denied. The Court agrees, and therefore sustains plaintiff's motion to dismiss defendants' original counterclaim for failure to plead fraud with sufficient particularity under Fed.R.Civ.P. 9(b).

Defendants seek leave to file an amended counterclaim for fraudulent inducement which attempts to address plaintiff's complaints with regard to specificity. Plaintiff does not challenge the sufficiency of the proposed amended counterclaim under Rule 9(b) and the Court therefore finds that it should be allowed. Plaintiff does oppose defendants' motion for leave to amend on the ground that it was untimely, having been filed eleven days after the deadline for such motions. *See Memorandum In Opposition To Defendants' Motion For Leave To File An Amended Counterclaim* (Doc. # 26) filed May 10, 1999. By attacking the sufficiency of the original counterclaim under Rule 9(b), however, plaintiff invited a more specific statement of defendants' claim. Under Rule 15(a), Fed.R.Civ.P., leave to amend "shall be freely given when justice so requires." Plaintiff has had ample opportunity to conduct discovery on the factual basis for defendants' counterclaim, and leave to amend will not unduly prejudice its ability to prepare for trial.

Plaintiff also claims that the proposed amendment is futile, in light of the substantive arguments lodged against the sufficiency of the original counterclaim. The foregoing analysis is equally applicable to the amended counterclaim, however, and the Court does not agree that leave to amend is futile in this case.

**IT IS THEREFORE ORDERED** that plaintiff's *Motion To Dismiss Counterclaim* (Doc. # 21) filed April 1, 1999, be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED THAT** defendants' *Motion For Leave To File An Amended Counterclaim* (Doc. # 23) filed April 27, 1999, be and hereby is **SUSTAINED**.