Frank and Amy ARENA, as individuals and as next friend for Joey Arena, Plaintiffs,

v.

WAL–MART STORES, INC. a.k.a. Wal–Mart Supercenter, Osmond Foundation for the Children of the World a.k.a. Children's Miracle Network, and the Children's Mercy Hospital, Defendants.

Civ.A. No. 03–2381KHV.

United States District Court, D. Kansas.

May 25, 2004.

C. Kevin Baldwin, Charles J. Brown, Jason A. Davey, Law Office of Brian W. Costello, Kansas City, MO, for plaintiffs.

John A. Beckstead, Snell & Wilmer, Salt Lake City, UT, Barbara L. McCloud, Snell & Wilmer L.L.P., Phoeniz, AZ, Shelley A. Runion, Blackwell, Sanders, Peper, Martin LLP, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant Wal–Mart Stores, Inc.'s Motion To Dismiss Count I Of Plaintiff's First Amended Petition* (Doc. # 22) filed March 12, 2004. Defendant seeks to dismiss plaintiffs' fraud claim under Rule 9(b), Fed.R.Civ. P., for failure to plead with sufficient particularity. For reasons stated below, the Court sustains defendant's motion but grants plaintiffs leave to amend.

### Factual Background

Joey Arena was born with a congenital heart defect., Sometime before May of 2002, doctors advised Joey's parents, Frank and Amy Arena, that he would need open heart surgery and that the medical expenses would exceed $500,000.

Frank Arena worked for Wal–Mart Stores, Inc. ("Wal–Mart"), and his co-workers asked Wal–Mart to host a fundraiser for the family medical expenses. Wal–Mart and Children's Miracle Network ("CMN") collaborated to host and organize the event, which was scheduled for June 29, 2002. Wal–Mart and CMN collected donations during May and June of 2002.

Wal–Mart and CMN represented to plaintiffs that proceeds from the fundraiser would be used to pay for plaintiffs' medical expenses. *See First Amended Complaint* (Doc. # 2) filed October 3, 2003 ¶ 15(a). The event was titled the "1st Annual Joey Arena Dance for Health Day" and was promoted as "A Special Event for a Special Little Boy!" *See id.* ¶ 15(b), (c). Wal–Mart and CMN posted an advertisement stating "Wal–Mart, Children's Miracle Network, the sponsors listed below, and many additional corporations have come together to help with the hospital expenses." *See id.* ¶ 15(d). Wal–Mart and CMN represented to the public that proceeds from the fundraiser would pay for plaintiffs' medical expenses. *See id.* ¶ 15(e). Wal–Mart and CMN posted or consented to the publishing of flyers stating "Proceeds to Benefit the Joey Arena Dance to Health Day." *See id.* ¶ 15(f). Wal–Mart and CMN posted or consented to the publishing of a flyer stating that "$2.00 off every CD sold will be divided evenly to Joey Arena and Children's Miracle Network Funds." *See id.* ¶ 15(g). Bonnie King, an employee of Wal–Mart, coordinated and organized the fundraiser. *See id.* ¶ 15(h). With the knowledge and consent of Wal–Mart and CMN, King and other volunteers told donors that their contributions would help pay plaintiffs' medical expenses. *See id.* ¶ 15(i).

Wal–Mart and CMN knew that the above statements and representations were false at the time they were made. *See id.* ¶ 16. Plaintiffs justifiably relied on the statements and representations of Wal–Mart and CMN by consenting to the use of their picture and likeness as well as disclosure and mass publication of otherwise confidential medical information. *See id.* ¶ 18. Wal–Mart and CMN

did not pay any of plaintiffs' medical expenses. *See id.* ¶ 17(c).

### Legal Standards

 Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. *See NL Indus., Inc. v. Gulf & W. Indus., Inc.,* 650 F.Supp. 1115, 1129–30 (D.Kan.1986). The Court must read Rule 9(b) in harmony with the simplified notice pleading provisions of Rule 8. *See Cayman Explor. Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1362 (10th Cir. 1989). To plead a fraud claim, plaintiff must describe the circumstances of the fraud, *i.e.* the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by plaintiff's reliance on the false representation. *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.,* 188 F.R.D. 610, 612 (D.Kan.1999). Stated differently, Rule 9(b) requires plaintiff to set forth the "who, what, where, and when" of the alleged fraud. *Nal II, Ltd. v. Tonkin,* 705 F.Supp. 522, 525–26 (D.Kan.1989).

### Analysis

Count I of plaintiffs' amended complaint includes allegations of both fraud and negligent misrepresentations. At this stage, Wal–Mart has challenged only the fraud allegations. Specifically, Count I alleges that Wal–Mart fraudulently represented that the fundraiser would help pay for plaintiffs' medical expenses when in fact it did not pay for any of their medical expenses. Wal–Mart argues that the fraud allegation should be dismissed under Rule 9(b), Fed.R.Civ.P. for lack of particularity. Wal–Mart contends that plaintiffs have not identified the individuals who made the alleged representations, or the time and place of the representations.

Paragraph 15 of the amended complaint alleges that Wal–Mart and CMN made the following false "statements":

(a) Prior to the event, Defendants Wal–Mart and CMN represented to Plaintiffs that proceeds from the fundraiser would be used to pay for the Plaintiffs' medical expenses.

(b) The event was titled "1st Annual Joey Arena Dance for Health Day."

(c) The event was promoted as "A Special Event for a Special Little Boy!"

(d) Defendants Wal–Mart and CMN posted an advertisement and/or flyer stating "Wal–Mart, Children's Miracle Network, the sponsors listed below, and many additional corporations have come [ ] together to help with the hospital expenses."

(e) Wal–Mart and CMN represented to the public that proceeds from the fundraiser would pay for the Plaintiffs' medical expenses.

(f) Defendants Wal–Mart and CMN posted or consented to the publishing of flyers and other documents stating "Proceeds to Benefit the Joey Arena Dance to Health Day."

(g) Defendants Wal–Mart and CMN posted or consented to the publishing of a flyer which stated "$2.00 off every CD sold will be divided evenly to Joey Arena and Children's Miracle Network Funds."

(h) Bonnie King was an employee of Defendant Wal–Mart acting under the direction and behest of Defendants Wal–Mart and CMN to coordinate and organize the Dance to Health Day, including soliciting donations of funds and/or goods.

(i) Bonnie King and other volunteers acting with the knowledge and consent of Defendants Wal–Mart and CMN advised donors that their contributions would help pay for Plaintiffs' medical expenses.

*First Amended Complaint* ¶ 15.

 These allegations of fraud do not satisfy the particularity requirements of Rule

9(b). Paragraphs 15(a), (d), (e), (f) and (g) do not allege the time and place of the statement or the identity of the speaker. Plaintiffs' general references to "Wal–Mart and CMN" are insufficient to identify the speaker of these statements. *See Gottstein v. Nat'l Ass'n for Self Employed,* 53 F.Supp.2d 1212, 1218 (D.Kan.1999) (in context of corporate defendants, plaintiffs must identify specific individuals who made alleged misrepresentations); *Kriendler v. Chem. Waste Mgmt., Inc.,* 877 F.Supp. 1140, 1155 (N.D.Ill.1995) (corporate entity speaks through agents; Rule 9(b) requires plaintiff to identify those agents); *W. Gas Processors, Ltd. v. Enron Gas Processing Co.,* No. 87–A–1472, 1988 WL 73307, at *4–5 (D.Colo. July 7, 1988). If plaintiffs cannot identify the individuals by name, they must use alternative means to more precisely identify the speaker.[1] *See* 2 Moore's Federal Practice § 9.03[1][b] at 9–18 (3d ed.). To the extent paragraphs 15(b), (c) and (h) might involve actionable statements, they do not allege the time and place of the statements or the identity of the speakers. Paragraph 15(i) sufficiently alleges the identity of the speaker, but it does not allege the time and place of the statement.

Wal–Mart also argues that plaintiffs have not alleged with sufficient particularity the harm caused by their reliance on the alleged statements. Paragraph 18 alleges that by consenting to the use of their picture and likeness as well as disclosure and mass publication of otherwise confidential medical information, plaintiffs justifiably relied on the statements that they would receive money for medical expenses. The harm alleged in paragraph 18 is sufficiently specific.

For these reasons, the Court sustains Wal–Mart's motion to dismiss plaintiffs' fraud claim in Count I for failure to plead with sufficient particularity.

■ To the extent that their amended complaint is insufficient under Rule 9(b), plaintiffs seek leave to amend. Leave to amend is a matter committed to the sound discretion of the district court. *See First City Bank, N.A. v. Air Capitol Aircraft*

*Sales, Inc.,* 820 F.2d 1127 (10th Cir.1987). Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend. *See Lange v. Cigna Individual Fin. Servs. Co.,* 759 F.Supp. 764, 769 (D.Kan.1991). Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party. *See Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 508 (D.Kan.1998) (citing *LeaseAmerica Corp. v. Eckel,* 710 F.2d 1470, 1474 (10th Cir.1983)).

■ Plaintiffs' motion to amend is timely under the scheduling order. Moreover, in amending their complaint to make more particular the allegations of fraud, plaintiffs do not seek to change their theories of the case. Wal–Mart has not opposed plaintiffs' request to amend and it will not suffer any undue prejudice if plaintiffs are allowed to file an amended complaint. The Court therefore grants plaintiffs leave to amend Count I of their complaint to cure the deficiencies identified above.

**IT IS THEREFORE ORDERED** that *Defendant Wal–Mart Stores, Inc.'s Motion To Dismiss Count I Of Plaintiff's First Amended Petition* (Doc. # 22) filed March 12, 2004 be and hereby is **SUSTAINED**. Plaintiffs' fraud claim in Count I of their amended complaint is dismissed without prejudice. On or before **June 9, 2004**, plaintiffs may file an amended complaint to cure the deficiencies identified in this order.

---

1. For example, plaintiffs might allege the individual's employer, job title and location in which he or she made the statement.